IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 22-60004 |
| DAVID MICHAEL MOBLEY | § | Chapter 11 |
| *Debtor* | § | |

### QUALITY PARTIES' OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION

*******************************************************************************

**BLR 9013 NOTICE:** THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
*******************************************************************************

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Quality Lease and Rental Holdings, LLC, Quality Lease Rental Service, LLC, Quality Lease Service, LLC, and Rocaceia, LLC, creditors and parties-in-interest (collectively referred to as the "Quality Parties"), and hereby object to Debtor's homestead exemption and in support thereof would show the Court as follows:

### Introduction

1.      This case commenced by the filing of a voluntary petition under Chapter 11, Subchapter V, on January 21, 2022 (See Dkt. 1).  By order dated June 1, 2022, this Court ordered that the Debtor is not a Subchapter V debtor and that the case shall proceed as a Chapter 11 non-Subchapter V debtor-in-possession case (see Dkt. 104).  The Creditors' Meeting was held on February 17, 2022.  The deadline in which to object to the Debtor's exemptions has been extended by court

orders, the last of which extended the objection deadline to June 30, 2022 for the United States Trustee and the Quality Parties. (see Dkt. 100). This objection is timely.

2. On February 4, 2022, the Debtor filed his Schedule C and claimed a homestead exemption as to property located at 3815 Montgomery Rd., Richmond, Texas 77406 (the "Property") (see Dkt. 16, pg. 24 of 73). The Debtor relies on the Texas Constitution Art. 16 §§ 50 and 51, and the Texas Property Code Section 41.001 et seq. for his exemption of the Property as his homestead.

3. The Property was acquired on or about July 6, 2021. The Property is collateral under a loan made by First Financial Bank, NA (the "Bank") on or about July 6, 2021, approximately 6 months prior to the bankruptcy filing. The Debtor, his wife (Lisa L. Mobley), and the Debtor's friend, Richard E. Borstmayer, are borrowers on the loan. The Bank filed its Proof of Claim on March 2, 2022 (Claim 8).

4. The Debtor filed an amended Schedule D on February 14, 2022, in which he scheduled the Bank's secured debt at $2,177,660 and the value of the Property at $2.1M. (See Dkt. 21). On February 24, 2022, the Debtor amended his Schedule D again and stated that the value of the Property was $2,177,660, the exact amount of the Bank's debt as scheduled by the Debtor. (See Dkt. 29, pg. 17 of 24).

5. On March 25, 2022, the Debtor again amended his Schedule D and listed the Bank's claim at $2,199,111.38, the exact amount of the Bank's proof of claim. The Debtor also amended the value of the Property to $2,199,111.38, the exact amount of the new amended debt amount. (See Dkt. 50, pg. 22 of 30).

6. At the Debtor's 2004 Exam on April 5, 2022, the Debtor and his counsel confirmed that the value of the Property is $2.8 million and that the Debtor's schedules would be amended to reflect that value. As of the date of this objection, the Debtor has not amended his schedules to reflect the value of the Property to which he testified in his 2004 Exam.

## The Property

7.  The Property consists of approximately 77.557 acres of land located in Fulshear, Fort Bend County, Texas.  There are no improvements located on the Property.  When the Debtor (and Lisa Mobley and Richard Borstmayer) acquired the Property on or about July 6, 2021, the Debtor and his wife executed an affidavit in which they swore that they currently resided at 480 County Road 355, El Campo, Texas 77437, the location of the Texas Mats' business operations (the "Shop Property"). See the Affidavit of Nonhomestead attached hereto as Exhibit 1.  They also swore that they did not intend at any time to reside on, use in any manner, or claim the Property as a business or residence homestead.  They further disclaimed all homestead right, interest and exemption in the Property.  In the Deed of Trust given to the Bank, the Debtor, his wife, and Borstmayer represented to the Bank that no part of the Property is exempt as homestead.  They also represented to the Bank that the proceeds of the loan will be used primarily for business or commercial purposes and not primarily for personal, family, or household purposes. See the Deed of Trust attached hereto as Exhibit 2.

8.  The Debtor and his wife swore their homestead was located at the Shop Property. See Exhibit 1.  In his 2004 Exam, Debtor testified that he and his wife resided and lived on the Shop Property for a period of time.  The Shop Property is in excess of 10 acres and has various improvements located on it.

9.  Under Texas law, a homestead is the dwelling house constituting the family residence, together with the land on which it is situated.  In order to establish a property's homestead status, the Debtor must show overt acts of homestead usage and the intention to claim the Property as a homestead.  The Debtor cannot show either.

10. The Debtor does not use the Property as his homestead, and neither does he intend to claim the Property as their homestead. The Property does not have a present dwelling house located on it. The Debtor's use of the Shop Property as his residence and the sworn statements to the Bank make clear the Property does not qualify for homestead status under Texas law. Moreover, Borstmayer's role in the transaction to acquire the Property and the Assignment of Rents to the Bank (see Exhibit 3) are further evidence that the Property is not the Debtor's homestead.

11. In addition, under the doctrine of quasi-estoppel, the Debtor is estopped from claiming the Property as his homestead. He benefitted from obtaining a loan from the Bank by representing that the Property was not his homestead, that it never would be his homestead, and the Shop Property was his homestead. The Debtor was in possession of all materials facts at the time he made the misrepresentations, and he simply ignored what he now asserts was his real intention and deliberately lied to the Bank. Given the circumstances and facts described herein, it would be unconscionable to allow the Debtor to maintain his current position -- i.e., that the Property is his homestead. This Court should not reward the Debtor's deliberate misconduct.

12. Moreover, the Debtor has intentionally submitted a fraudulent statement in Schedule C that the Property's value is $2,199,111.38 when the value of the Property is at least $2.8M. And, the Debtor has failed to amend his fraudulent statement despite representing in his 2004 Exam that he would do so. This conduct also supports a disallowance of Debtor's homestead exemption.

13. Even if the Court determines that the Property is the Debtor's homestead, he is not eligible to claim the homestead exemption because he acquired the Property during the 1215-day period preceding the date of the filing of this bankruptcy case and his Schedule C does not limit the amount of the claimed exemption or otherwise reference Section 522(p) of the Bankruptcy Code. Alternatively, if the Court allows the Debtor to exempt the Property as his homestead, such exemption should be limited to $170,350 pursuant to Section 522(p).

WHEREFORE, PREMISES CONSIDERED, the Quality Parties request that the Bankruptcy Court sustain their objection to the Debtor's homestead exemption and disallow the Debtor's homestead exemption in its entirety, and, alternatively, limit the amount of Debtor's homestead exemption to $170,350, and grant the Quality Parties such other and further relief to which they are entitled.

Respectfully submitted,

HAWASH CICACK & GASTON LLP

*/s/ Walter J. Cicack*
WALTER J. CICACK
State Bar No. 04250535
wcicack@hcgllp.com
KRISTIN K. REIS
State Bar No. 24060478
kreis@hcgllp.com
3401 Allen Parkway, Suite 200
Houston, Texas 77019
(713) 658-9015 - tel/fax
***Attorneys for Quality Lease and Rental Holdings, LLC, Quality Lease Rental Service, LLC, Quality Lease Service, LLC, and Rocaceia, LLC***

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing has been served by electronic means via ECF transmission to all PACER system participants in this bankruptcy case on June 30, 2022.

*/s/ Walter J. Cicack*
Walter J. Cicack