UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

IN RE:

DAVID MICHAEL MOBLEY                                   CASE NO. 22-60004

DEBTOR                                                 CHAPTER 11

### DEBTOR'S RESPONSE TO QUALITY PARTIES' OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION

**TO THE HONORABLE U.S. BANKRUPTCY JUDGE CHRISTOPHER M. LÓPEZ:**

COMES NOW Debtor, DAVID MICHAEL MOBLEY ("Debtor"), by and through the undersigned counsel, and hereby files his Response to Quality Parties' ("Movants") Objection to Debtor's Homestead Exemption [Docket #111], (the "Objection") and shows the Court as follows:

### I. ADMISSIONS AND DENIALS

1. In response to Paragraph 1 of the Objection: Admit.

2. In response to Paragraph 2 of the Objection: Admit.

3. In response to Paragraph 3 of the Objection: Admit.

4. In response to Paragraph 4 of the Objection: Admit.

5. In response to Paragraph 5 of the Objection: Admit.

6. In response to Paragraph 6 of the Objection: Admit. The Debtor has since amended his schedules to reflect that his homestead located at 3815 Montgomery Rd., Richmond, Texas 77406 (the "Property") has a value of $2.8 million [Docket #116].

7. In response to Paragraph 7 of the Objection: Admit.

8. In response to Paragraph 8 of the Objection: Admit.

9. In response to Paragraph 9 of the Objection: The Debtor admits the first two sentences of such Paragraph. The Debtor denies the last sentence of such Paragraph.

10. In response to Paragraph 10 of the Objection: Deny.

11. In response to Paragraph 11 of the Objection: Deny.

12. In response to Paragraph 12 of the Objection: Deny.

13. In response to Paragraph 13 of the Objection: Deny.

## II. CONSENT TO ENTRY OF ORDERS

14. The Debtor hereby consents to the entry of a final order or judgment by this Court in this matter.

## III. DEFENSES/ AFFIRMATIVE DEFENSES

15. The Movants lack standing to assert that the Debtor disclaimed his homestead rights to the subject Property in the Deed of Trust and/or the Affidavit of Nonhomestead and the quasi-estoppel argument referred to in the Movants' Objection. The right to assert such disclaimer and the quasi-estoppel argument belongs solely to the First Financial Bank ("Bank"). The Bank has not filed an objection to the exemption of the Debtor's homestead claim in this case. The deadline for the Bank to file an objection to Debtor's exemptions has expired. Furthermore, the Bank acknowledges that the Property is the Debtor's homestead, and the Bank is in the process of executing documentation in order to remedy this matter.

16. Assuming arguendo that Movants somehow have standing to assert the aforementioned rights of the Bank, Movants' arguments still fail under the Texas Constitution, applicable Texas statutes regarding homestead rights, and well-settled case law regarding the disclaimer of homestead rights of the Debtor and estoppel with respect to Debtor asserting such rights. See *In re Niland*, 825 F.2d 801, 807 (5th Cir. 1987). At the time that the Debtor executed the Deed of Trust and the Affidavit of Nonhomestead in connection with the purchase money loan financing the Property, the Property was not the Debtor's homestead. However, shortly thereafter and well before the filing of the Debtor's bankruptcy, the Debtor did intend to have the Property become his homestead. A few weeks after the July 2021 closing, Debtor

moved railroad shipping containers onto the Property. The containers were adapted as living space. When assembled, they became a three-bedroom, two-bath residence, with a porch attached, in which the Debtor and his family have continuously resided. The Bank was fully aware of this fact and it had no problem with the Debtor designating the Property as his homestead, since, among other reasons, it would not affect its lien. As further proof of Debtor's intention to have the Property become Debtor's homestead, the Debtor's two minor children currently attend public school in the school district in which the Property is located and Debtor intends to continue to have his children do so. Furthermore, Debtor is constructing a barndominium on the Property as the permanent residence of Debtor and his family. Under Texas law, once the Debtor has established the initial homestead character of the Property, the burden of proof shifts to Quality Parties to show abandonment of the homestead, which they cannot do. *In re Niland*, 825 F.2d 801, 807 (5th Cir. 1987).

17. With respect to addressing the allegations set forth by Movants in Paragraph 13 of the Objection, Debtor would show that he is entitled to exempt equity in the Property of $599,417.62, in accordance with 11 U.S.C. Section 522(p), as is shown by his Amended Schedule C (Docket #116). This is due to the fact that Debtor contributed $567,507.32 from the proceeds of the sale of Debtor's prior homestead toward the purchase of the Property, as is shown by the settlement statement regarding the purchase of the Property, attached hereto as "Exhibit 1" and incorporated herein for all purposes. The above-mentioned amount contributed toward the purchase of the Property, plus the amount of $170,353.00 allowed under 11 U.S.C. Section 522(p)(1), [$737,860.32] is the maximum amount that the Debtor is entitled to exempt in connection with his homestead.  Since Debtor is exempting less than the maximum amount set forth above, Debtor is entitled to exempt the full amount of his equity in the homestead, set forth on his Amended Schedule C (Docket #116).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that this Court deny the Objection of Movants and for such other and further relief that is just and proper in the premises.

Dated: July 21, 2022.

RESPECTFULLY SUBMITTED,

**THE BROWN LAW FIRM**

By: /s/ Jerome A. Brown
Jerome A. Brown
State Bar No. 03140000
Federal ID No. 5882
13900 Sawyer Ranch Rd.
Dripping Springs, TX 78620
Phone: (512) 306-0092
Facsimile: (512) 521-0711
Email: jerome@brownbankruptcy.com
Attorney for Debtor

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was forwarded via First-Class U.S. Mail, postage prepaid, or by electronic mail from the Clerk of the Court on July 21, 2022, to the following parties entitled to or requesting notice:

Jayson B. Ruff
Office of the United States Trustee
515 Rusk, Suite 3516
Houston TX 77002

Melissa A Haselden
Haselden Farrow PLLC
700 Milam, Suite 1300
Houston, TX 77002

Wayne Kitchens
Heather Heath McIntyre
HUGHES WATTERS ASKANASE, L.L.P.
TotalEnergies Tower
1201 Louisiana, 28th Floor
Houston, Texas 77002

David Michael Mobley
3815 Montgomery Road
Richmond TX 77406

Fort Bend County
c/o Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX 77253-3064

Matagorda Independent School District
c/o Melissa E. Valdez
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
1235 North Loop West
Suite 600
Houston, TX 77008

Walter J. Cicack
3401 Allen Parkway,
Suite 200
Houston, Texas 77019

By: /s/ Jerome A. Brown
     Jerome A. Brown