IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re:<br><br>**DAVID MICHAEL MOBLEY**<br><br>Debtor. | Case No. 22-60004<br><br>Chapter 11 |

**DEBTOR'S RESPONSE TO MOTION TO CONVERT CASE**

TO THE HONORABLE U.S. BANKRUPTCY COURT:

David Michael Mobley (the "***Debtor***") hereby files this Response to Motion to Convert Case.

**Introductory Statement**

In his recent Motion to Dismiss Case, Debtor characterized this case as a two-party dispute better resolved outside of bankruptcy. The Motion to Convert case reinforces this premise. The QLRS parties have failed to establish a claim against the Debtor in nearly a decade of litigation. They may have a multi-million dollar claim or they may have no claim at all. It seems likely that this Motion to Convert is aimed more at gaining a litigation advantage than in pursuing any creditor interest they may hold.

**Specific Admissions and Denials**

1. Debtor denies the allegations of para. 1.

2. Debtor admits the allegations of para. 2.

3. Debtor admits the allegations of para. 3.

4. Debtor admits the allegations of para. 4.

5. Paragraph 5 is legal argument and does not require admission or denial.

6. Debtor admits that he executed a deed in lieu of foreclosure to Reb TX EC Ventures, LLC, a lienholder upon such properties. Regardless of the secured claim asserted by the IRS in this bankruptcy case, the IRS had filed a tax lien for over $3 million. Debtor denies the remainder of para. 6.

7. Debtor admits that he justified the transfer based on the fact that the property was fully encumbered. Debtor denies the remainder of para. 7.

8. Debtor admits the allegations of para. 8.

9. Debtor denies the allegations of para. 9.

10. Debtor admits that he has claimed the 77 acres as his homestead and that he has not objected to the claim of First Financial Bank. Debtor denies the remainder of para. 10.

11. Debtor admits that the homestead issue has not been resolved by the Court. Debtor denies the remainder of para. 11.

12. Debtor denies the allegations of para. 12.

13. Debtor denies the allegations of para. 13.

14. Debtor admits that he received $55,000. The funds were transferred to him in error. Debtor then transferred the funds so that they could be directed to the proper party.

15. Debtor admits that he transferred the sum of $802,662.66. These were funds from sale of Debtor and his wife's prior homestead. Under a prenuptial agreement, his wife was entitled to half of the proceeds. Debtor denies the remainder of para. 15.

16. Debtor denies the first sentence of para. 16. Debtor admits that he has not yet filed the Reports under Rule 2015.3. Debtor will provide these reports.

17. Debtor denies the allegations of para. 17.

18. Debtor denies the allegations of para. 18.

19. Debtor admits the allegations of para. 19.

20. Debtor admits the allegations of para. 20 in part. Section 704(a)(8) and Rule 2015(a)(3) refer to a business operated by the Debtor. The Debtor does not operate a business. Rule 2015.3 refers to filing summary reports with respect to businesses in which the Debtor has an interest.

21. Para. 21 is legal argument which does not require admission or denial.

22. Debtor admits that he has not yet filed Rule 2015.3 reports. The rule requires "periodic" reports but does not specify what the periodic reporting requirement is.

23. Debtor admits that he has filed the required monthly operating reports for himself and has not yet filed the Rule 2015.3 reports for his companies. Debtor denies the remainder of para. 23.

24. Debtor denies the allegations of para. 24.

25. Debtor admits the allegations of para. 25.

26. Debtor admits that the Court denied the Debtor's subchapter V election. Debtor denies the remainder of para. 26.

27. Debtor denies the allegations of para. 27.

28. Debtor admits the allegations of para. 28.

29. Debtor admits the allegations of para 29.

30. Debtor admits that the Court has cause to take one of the actions listed.

31. Debtor admits the first sentence of para. 31. The remainder of para. 31 is a quotation from an opinion which the Debtor is not required to admit or deny.

32. Debtor denies the allegations of para. 32.

33. Debtor denies the allegations of para. 33.

34. Debtor admits the first sentence of para. 34. The remainder of para. 34 is legal argument which does not require admission or denial.

35. Debtor denies the allegations of para. 35.

36. Debtor admits that he has scheduled assets of $3,779,470.71. Debtor denies the remainder of para. 36.

37. Debtor denies the allegations of para. 37.

38. Debtor admits that Texas Mats is paying his wife. Debtor denies the remainder of para. 38.

39. Debtor denies the allegations of para. 39

40. Debtor admits that courts have inherent authority to convert cases for lack of good faith. The remainder of para. 40 is legal argument which does not require admission or denial.

41. Debtor denies the allegations of para. 41.

42. Debtor denies the allegations of para. 42.

43. Debtor admits the allegations of para. 43.

44. Para. 44 is legal argument which does not require admission or denial.

45. Para. 45 is legal argument which does not require admission or denial.

46. Debtor denies the allegations of para. 46.

47. Debtor denies the allegations of para. 47.

48. Debtor denies the allegations of the paragraph entitled Conclusion.

49. Debtor requests that this case be dismissed rather than converted.

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expressway., Suite 400
Austin, Texas 78731
(512) 476-9103
(512) 279-0310 (Facsimile)
ssather@bn-lawyers.com
By:    /s/*Stephen W. Sather*____
          Stephen W. Sather
          State Bar No. 17657520

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that I served the above and foregoing Motion on the parties listed on the attached matrix on this the 6th day of October 2022.

*/s/Stephen W. Sather*
Stephen W. Sather

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-6<br>Case 22-60004<br>Southern District of Texas<br>Victoria<br>Fri Jul 29 13:32:03 CDT 2022 | First Financial Bank, N.A.<br>P.O. BOX 3679<br>Abilene, TX 79604-3679 | Ford Motor Credit Company LLC<br>Devlin, Naylor & Turbyfill, P.L.L.C.<br>c/o George F. Dunn<br>5120 Woodway Dr., Ste. 9000<br>Houston, TX 77056-1725 |
| Fort Bend County<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Jeannie Lee Andresen<br>P.O. Box 3064<br>Houston, TX 77253-3064 | Quality Lease Rental Service, LLC<br>c/o Walter J. Cicack<br>Hawash Cicack & Gaston LLP<br>3401 Allen Parkway, Suite 200<br>Houston, TX 77019-1857 | Quality Lease Service, LLC<br>c/o Walter J. Cicack<br>Hawash Cicack & Gaston LLP<br>3401 Allen Parkway, Suite 200<br>Houston, TX 77019-1857 |
| Quality Lease and Rental Holdings, LLC<br>c/o Walter J. Cicack<br>Hawash Cicack & Gaston LLP<br>3401 Allen Parkway, Suite 200<br>Houston, TX 77019-1857 | Rocaceia, LLC<br>c/o Walter J. Cicack<br>Hawash Cicack & Gaston LLP<br>3401 Allen Parkway, Suite 200<br>Houston, TX 77019-1857 | Texas Champion Bank<br>c/o Mike Thiltgen<br>P.O. Box 270550<br>Corpus Christi, TX 78427-0550 |
| Texas Quality Mats, LLC<br>P.O. Box 168<br>El Campo, TX 77437-0168 | Wharton County, Texas<br>c/o Tara LeDay<br>P.O. Box 1269<br>Round Rock, TX 78680-1269 | 6<br>United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 |
| AT&T Corp<br>PO Box 5072<br>Carol Stream, IL 60197-5072 | Allan Martin<br>c/o REID, COLLINS, & TSAI LLP<br>1301 S. Capital of Texas Hwy  Building C<br>Austin, TX 78746-6550 | Bank of America<br>P.O. Box 15284<br>Wilmington, DE 19850-5284 |
| Bank of America, N.A.<br>PO Box 673033<br>Dallas, TX 75267-3033 | Enhanced Recovery<br>8014 Bayberry Rd.<br>Jacksonville, FL 32256-7412 | FORD CREDIT<br>PO BOX 650575<br>Dallas, TX 75265-0575 |
| First Financial Bk Min<br>Po Box 2559<br>Abilene, TX 79604-2559 | First State Bank - Louise<br>Card Service Center<br>PO Box 569120<br>Dallas, TX 75356-9120 | Ford Motor Credit Company, LLC<br>C/o George F. Dunn<br>5120 Woodway Dr., Suite 9000<br>Houston, Texas 77056-1725 |
| Fort Bend County<br>c/o Jeannie Lee Andresen<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, Tx 77253-3064 | Fort Bend County<br>c/o John P. Dillman<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, Tx 77253-3064 | Greta Yvette Mobley<br>1082 County Road 451<br>El Campo, TX 77437-5593 |
| Independent Bankersbank<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 | Internal Revenue Service<br>Centralized Insolvency Office<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | Lincoln Automotive Fin<br>Attn: Bankrutcy<br>PO Box 54200<br>Omaha, NE 68154-8000 |
| M/G Finance Co., Ltd.<br>c/o John Seth Bullard<br>Orgain, Bell & Tucker, LLP<br>PO Box 1751<br>Beaumont, TX 77704-1751 | MATAGORDA INDEPENDENT SCHOOL DISTRICT<br>1700 7th Street, Room 203<br>Bay City TX 77414-5034 | MG Finance Co LTD<br>1655 Louisiana Street<br>Beaumont, TX 77701-1120 |

| | | |
|---|---|---|
| People's United Equipment Finance Corp.<br>c/o T. Josh Judd<br>Andrews Myers, P.C.<br>1885 Saint James Place, 15th Floor<br>Houston, Texas 77056-4175 | Peoples Bank<br>5820 82nd Street<br>Lubbock, TX 79424-3617 | Quality Lease Rental Service, LLC<br>c/o REID, COLLINS, & TSAI LLP<br>1301 S. Capital of Texas Hwy Building C,<br>Austin, TX 78746-6574 |
| Quality Lease Service, LLC<br>c/o REID, COLLINS, & TSAI LLP<br>1301 S. Capital of Texas Hwy Building C,<br>Austin, TX 78746-6574 | Quality Lease and Rental Holdings, LLC<br>23403B NW Zac Lentz Pkwy<br>Victoria, TX 77905-0702 | Reid, Collins, & Tsai LLP<br>ATTN: Lisa S. Tsai<br>1301 S. Capital of Texas Hwy  Building C<br>Austin, TX 78746-6550 |
| Richard E. Borstmayer<br>c/o Kyle R. Watson<br>Winstead PC<br>24 Waterway Ave Suite 500<br>The Woodlands, TX 77380-3289 | Rocaceia, LLC<br>c/o REID, COLLINS, & TSAI LLP<br>1301 S. Capital of Texas Hwy Building C,<br>Austin, TX 78746-6574 | Santander Consumer USA<br>Attn: Bankruptcy 10-64-38-FD7    601 Penn<br>Reading, PA 19601 |
| Santander Consumer USA, Inc.<br>d/b/a Chrysler Capital<br>P.O. Box 961275<br>Fort Worth, TX 76161-0275 | Texas Champion Bank<br>P.O. Box 270550<br>Corpus Christi, Texas 78427-0550 | Texas Champion Bank<br>PO Box 2090<br>Alice, TX 78333-2090 |
| US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 | United States Attorney General<br>Centralized Insolvency Office<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0009 | United States Attorney General<br>Internal Revenue Service<br>1000 Louisiana St Ste 2300<br>Houston, TX 77002-5010 |
| Wharton County<br>c/o Julie Anne Parsons<br>P.O. Box 1269<br>Round Rock, TX. 78680-1269 | Wharton County<br>c/o Tara LeDay<br>P.O. Box 1269<br>Round Rock, Texas 78680-1269 | Wood, Boykin, & Wolter<br>ATTN: Peter E. Avots & Joseph B. Baucum<br>615 North Upper Broadway,  Suite 1100<br>Corpus Christi, TX 78401-0748 |
| David Michael Mobley<br>3815 Montgomery Rd<br>Richmond, TX 77406 | Janet Northrup, Chapter 7 Trustee<br>c/o Heather McIntyre<br>1201 Louisiana, 28th Floor<br>Houston, TX 77002-5607 | Jerome A Brown<br>The Brown Law Firm<br>13900 Sawyer Ranch Rd<br>Dripping Springs, TX 78620-4539 |
| Melissa A Haselden<br>Haselden Farrow PLLC<br>Pennzoil Place<br>700 Milam<br>Suite 1300<br>Houston, TX 77002-2736 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)MATAGORDA ISD | (u)People's United Equipment Finance | End of Label Matrix<br>Mailable recipients    51<br>Bypassed recipients     2<br>Total                   53 |