In the United States Bankruptcy Court
For the Southern District of Texas
Victoria Division

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 22-60004 |
| **David Michael Mobley** | § | |
| | § | Chapter 11 |
| Debtor | § | |

## Quality's[1] Response to and Request for Hearing on Debtor's Objection to Claim No. 10-1 (Dkt. 140) and Motion to Consolidate with Adversary Proceeding No. 22-06024

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

---

[1] "Quality" refers to creditors Quality Lease and Rental Holdings LLC, Quality Lease Rental Service LLC, Quality Lease Service LLC, and Rocaceia LLC, collectively represented by the undersigned.

## Jurisdiction and Constitutional Authority

1.       This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested may be granted pursuant to 11 U.S.C. §§ 1112(b) and/or 1104(a).

2.       This Court has constitutional authority to enter a final order regarding conversion of a case from Chapter 11 to Chapter 7. 11 U.S.C. §§ 1104 and 1112 have no state law equivalent. Accordingly, the U.S. Supreme Court's opinion in *Stern v. Marshall* is inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)). In the alternative, matters relating to the overall administration of the bankruptcy estate, including the chapter under which it is administered and the appointment and supervision of a trustee or examiner, are essential bankruptcy matters which trigger the "public rights" exception. *See id*. The different procedures applicable to bankruptcy estates and proceedings under each of the chapters is central to the public bankruptcy scheme and involves adjudication of rights created by the Bankruptcy Code. Therefore, the relief requested falls within this Court's authority and this Court may enter a final order granting the relief requested.

## Quality's Claim and the Debtor's Objection

3.       Ten years ago, the Debtor sold Quality Lease Rental Services LLC

("QLRS") and Quality Lease Services LLC ("QLS") to Quality Lease and Rental Holdings LLC ("QLRH") for a total purchase price of $75 million (the "Quality Sale"). As part of the transaction, the Debtor agreed to serve as QLRH's president, to manage the Quality Companies[2] for three years, and not to compete with the Quality Companies. The Debtor, however, violated his non-compete obligations, causing the Quality Companies to flounder financially and ultimately file their own bankruptcy (the "Quality Bankruptcy").

4. The Debtor filed a proof of claim in the Quality Bankruptcy and initiated an adversary proceeding seeking payment of the balance due from the Quality Sale. The Quality Companies countersued the Debtor in the Quality Bankruptcy for fraud, breach of contract, breach of fiduciary duty, and unjust enrichment, all arising out of the Debtor's conduct before and after the Quality Sale. *See Greta Yvette Mobley et al. v. Quality Lease and Rental Holdings LLC, et al. (In re Quality Lease and Rental Holdings LLC)*, Adv. No. 14-6005, U.S. District Court for the Southern District of Texas, Corpus Christi Division (the "Lawsuit").

5. When the Quality Bankruptcy concluded, the Lawsuit was still pending. After years of protracted litigation, the Lawsuit was finally set for trial before the Hon. David Morales, U.S. District Judge, on January 24, 2022. Exhibit 1, Notice of Trial.

---

[2] The "Quality Companies" refers to QLRS, QLS, and QLRH, collectively.

3

6. The Friday before the Lawsuit was to be called for trial, the Debtor filed a petition for relief under Chapter 11, initiating this case. Dkt. 1.[3] As of this filing, no plan has been proposed or filed and the Debtor has made it clear that he does not intend to file one. On September 12, 2022, the Debtor moved to dismiss this case. Dkt. 136. Quality filed its response in opposition on October 10, 2022. Dkt. 147. On September 15, 2022, Quality filed a Motion to Convert Case to Chapter 7 or, in the Alternative, to Appoint a Chapter 11 Trustee or Examiner. Dkt. 137. At least two creditors (M/G Finance Co. Ltd. and Texas Champion Bank) filed joinders in Quality's motion to convert. Dkt. 150, 151. The Debtor filed his response in opposition on October 6, 2022. Dkt. 145.

7. On March 8, 2022, Quality filed Proof of Claim No. 10 in the amount of $62,700,000 for fraud, breach of contract and other theories set forth in Quality's Sixth Amended Counterclaims and Third-Party Claims Against Mobley, currently stayed but pending in Civil Action No. 6:16-00006, in the United States District Court for the Southern District of Texas, Victoria Division (the "Victoria Litigation"). POC 10, Part 2. On September 22, 2022, the Debtor filed an objection to Quality's proof of claim. Dkt. 140. The Debtor's objection is that Quality's claim is "a disputed, unliquidated claim." Dkt. 140 at 3.

---

[3] The Debtor filed this case as a Subchapter V case, but the Court sustained the objections of the U.S. Trustee and Quality to the Subchapter V designation. This case has been proceeding "as a chapter 11 non-Subchapter V debtor-in-possession case" since June 1, 2022. Dkt. 104.

4

8. On June 30, 2022, Quality initiated an adversary proceeding to have the Debtor's debt to Quality determined nondischargeable under 11 U.S.C. § 523(a)(2), (4), and/or (6). *See* Adv. No. 22-06024. The Debtor moved to dismiss the adversary complaint on July 29, 2022 (Dkt. 6), to which Quality filed a response (Dkt. 7). The motion and adversary proceeding remain pending as of this filing.

9. Quality hereby responds to the Debtor's objection.

## Argument & Authorities

10. The Court should overrule the Debtor's objection for at least four reasons.

11. First, the mere fact that a claim is "disputed" or "unliquidated" is not a valid basis for denying a claim. Section 502[4] provides that, if an objection is filed as to a claim, "the court, after notice and a hearing, shall determine the amount of such claim . . . and shall allow such claim . . . except to the extent that" certain specific circumstances exist. 11 U.S.C. § 502(b). Being "disputed" or "unliquidated" is not one of those circumstances.

12. Second, none of the circumstances set forth in section 502(b) exist in this case. Section 502(b)(1) requires the Court to allow a filed claim "except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason

---

[4] Unless indicated otherwise, references to a "section" is a reference to a section of the Bankruptcy Code, title 11 of the United States Code.

5

other than because such claim is contingent or unmatured." The Debtor did not cite any agreement or applicable law under which Quality's claim would not be enforceable.[5]

13. Third, Quality is entitled to a hearing on its claim before any portion of it is denied. *See* 11 U.S.C. § 502(b).

14. Fourth, there is currently pending an adversary proceeding filed by Quality against the Debtor asking the Court to determine that the debt the Debtor owes Quality is nondischargeable under section 523(a)(2), (4), and/or (6). *See* Adv. No. 22-06024, Dkt. 1. The factual and legal issues involved in this claim objection and the pending adversary proceeding significantly, if not entirely, overlap. If the Court is inclined to entertain the claim objection, the Court should consolidate the two matters into the adversary proceeding.

## Motion to Consolidate

15. Fed. R. Civ. P. 42[6] provides that the Court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). This contested matter—the Debtor's objection to Quality's claim—involves questions of law or fact in common with Adversary Proceeding No. 22-06024.

16. First, the parties appear to agree that the same legal and factual issues are in dispute in both proceedings. Quality's proof of claim and Quality's

---

[5] None of the remaining subparagraphs of section 502(b) are applicable. Quality's claim was timely, and it is not a claim for unmatured interest, taxes, insider services, a domestic support obligation, lease payments, wages, or tax credits. *See* 11 U.S.C. § 502(b)(2)–(9).

[6] Fed. R. Civ. P. 42 applies to both adversary proceedings and contested matters. Fed. R. Bankr. P. 7042; Fed. R. Bankr. P. 9014(c).

6

adversary complaint both cite and rely on the facts and legal theories set forth in Quality's Sixth Amended Counterclaims against the Debtor in the Lawsuit. *Compare* POC 10, Part 2 *with* Dkt. 112-1. And the Debtor's objection quotes at length its own contentions, as set forth in the Amended Joint Pretrial Order filed in the Lawsuit. Dkt. 140 at 2–3.

17. Second, the proof of claim asserts various theories of recovery, including fraud, breach of contract, breach of fiduciary duty, and unjust enrichment, all arising out of the Debtor's sale of certain business entities to Quality. *See* POC 10, Part 2 at 36–67. Likewise, Quality's adversary complaint seeks to have those same debts determined nondischargeable under section 523(a)(2), (4), and/or (6). *See* Dkt. 112 at 31–59.

18. In other words, in both this contested matter and in the adversary proceeding, the Court will be required to determine whether the Debtor defrauded Quality in the sale of certain business entities, whether the Debtor breached its fiduciary duties after the sale of those business entities, and whether the Debtor can rely on any defenses to reduce his liability.

19. Thus, the Court should therefore consolidate the contested matter with the adversary proceeding.

## Conclusion

The Court should overrule the Debtor's objection to Quality's Proof of Claim No. 10. Alternatively, the Court should set the claim objection for hearing and consolidate it with the adversary proceeding. Quality prays for

such other and further relief to which it may be entitled.

>Respectfully submitted,
>
>HAWASH CICACK & GASTON LLP
>
> /s/ Walter J. Cicack
>Walter J. Cicack
>Texas Bar No. 04250535
>wcicack@hcgllp.com
>Jeremy M. Masten
>Texas Bar No. 24083454
>masten@hcgllp.com
>3401 Allen Parkway, Suite 200
>Houston, Texas 77019
>(713) 658-9015 – tel/fax
>
>***Counsel for Creditors and Parties in Interest Quality Lease and Rental Holdings LLC, Quality Lease rental Service LLC, Quality Lease Service LLC, and Rocaceia LLC***

## Certificate of Service

I certify that a true and correct copy of the foregoing instrument was served on all parties of interest on October 21, 2022.

> /s/ Walter J. Cicack
>Walter J. Cicack