IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re:<br><br>**DAVID MICHAEL MOBLEY**<br><br>Debtor. | Case No. 22-60004<br><br>Chapter 11 |

## DEBTOR'S MOTION TO COMPROMISE AND SETTLE WITH QUALITY LEASE AND RENTAL HOLDINGS, LLC, ET AL

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

TO THE HONORABLE U.S. BANKRUPTCY COURT:

David Michael Mobley (the "***Debtor***") hereby files this Motion to Compromise and Settle with Quality Lease and Rental Holdings, LLC, et al.

### Factual and Procedural Background

1. The Debtor filed this case on January 21, 2022.

2. There are numerous matters pending between the Debtor and Quality Lease and Rental Holdings, LLC, Quality Lease Rental Service, LLC, Quality Lease Service, LLC and Rocaceia, LLC (the "Quality Companies"), including:

   a. Debtor's Motion to Dismiss, ECF No. 136;

b. Quality's Motion to Convert Case to Chapter 7 or, in the Alternative, to Appoint a Chapter 11 Trustee or Examiner, ECF No. 137;

c. Quality Parties' Objection To Debtor's Homestead Exemption, ECF No. 111;

d. Objection to Claim No 10-1 Filed by Quality Lease and Rental Holdings, LLC, ECF No. 140;

e. Plaintiffs' Complaint To Determine The Dischargeability Of Debt Pursuant To 11 U.S.C § 523(a), (2), (4), And (6) Against Debtor/Defendant David Michael Mobley, Case No. 22-6024, ECF No. 1; and

f. Civil action 6:16-0006, *Quality Lease and Rental Holdings, et al., v. Greta Yvette Mobley, et al.*

3. On December 1, 2022, the Parties mediated before the Hon. Eduardo Rodriguez. The mediation resulted in an extensive term sheet which is attached as Exhibit A.

4. The mediated settlement agreement ("MSA") is in the nature of a restructuring support agreement between the Debtor and the Quality Companies. If a Plan is proposed and confirmed, the settlement will resolve all of the issues between the Debtor and the Quality Companies as well as providing funds for payment to other creditors as well.

5. The MSA contemplates employing a litigation trustee who will advise the parties on claims retention language to be included in the plan of reorganization and will be authorized by the terms of the Plan to pursue any claims belonging to the estate except for claims against the Debtor's wife, Lisa Mobley, and his wholly owned company, Texas Quality Mats, LLC.

6. The Plan will provide for the Debtor to fund payments to secured, priority and administrative claimants and will establish a fund for payment of unsecured creditors. Unsecured creditors will receive any net proceeds from litigation as well as $300,000 to be paid by the

Debtor at the rate of $5,000 per month over 60 months, and $1,600,000 to be paid by the Debtor and Texas Quality Mats, LLC over the life of the plan. Texas Quality Mats, LLC will guarantee the Debtor's obligations to unsecured creditors under the plan and will give the litigation trustee a lien in the amount of $1,000,000 upon property known as the Yard Property to secure the payments to be made for the benefit of unsecured creditors.

7. The Debtor will agree that the claim of the Quality Companies will be allowed in the amount of $40 million. The Debtor will also agree to a non-dischargeable judgment in the amount of $2,250,00 in favor of the Quality Companies. Payments received by the Quality Companies under the Plan will be credited against the non-dischargeable obligation. Once the final judgment is entered in the pending adversary proceeding to determine dischargeability of the debt owed the Quality Parties the litigation pending in U.S. District Court will be dismissed.

8. Upon approval of this 9019 motion, the Debtor will withdraw its Motion to Dismiss and its Objection to Claim of Quality Companies and the Quality Companies will withdraw their Motion to Convert.

9. Upon confirmation of the Plan, the Quality Companies will withdraw their objection to homestead exemption.

10. This settlement is subject to the Court's confirmation of a plan of reorganization that incorporates these settlement terms.

## GROUNDS FOR RELIEF

11. Motions to compromise and settle are authorized by Fed.R.Bankr.P. 9019(a). Bankruptcy settlements "are a normal part of the process of reorganization" and are desirable and wise methods of bringing to a conclusion proceedings otherwise lengthy, complicated and costly. *River City v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980).

12. The Bankruptcy Court has wide discretion to determine whether a proposed compromise should be approved. In a ruling on the propriety of the compromise, the Court should determine whether the settlement is in the best interest of the bankruptcy estate. *In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984). Bankruptcy settlements "are a normal part of the process of reorganization" and are desirable and wise methods of bringing to a conclusion proceedings otherwise lengthy, complicated and costly. *River City v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980).

13. Courts in this Circuit have been instructed to consider the following factors in determining whether to approve a proposed settlement:

   a. the probability of success in the litigation, with due consideration of the uncertainty of facts and law;

   b. the complexity and likely duration of the litigation and any expense, inconvenience and delay and possible problems collecting a judgment;

   c. the interest of the creditors and proper deference to their reasonable views; and

   d. the extent to which settlement is truly the product of arms-length negotiations.

See *In re Cajun Electric Power Coop, Inc.*, 119 F.3d 349, 355-56 (5th Cir. 1997).

14. The proposed settlement in this case meets the requirements for approval of a compromise and settlement for the following reasons:

   a. The settlement is the result of arms-length bargaining facilitated by the Hon. Eduardo Rodriguez as judicial mediator;

   b. The plan provides for the filing of a plan which will benefit all creditors as opposed to the competing alternatives of dismissal or conversion;

    c. The settlement will resolve litigation which has been pending between the Debtor and the Quality Companies since 2014 and will avoid the need for an expensive trial in the U.S. District Court. and

    d. The settlement is supported by the largest unsecured creditor in the case.

**WHEREFORE, PREMISES CONSIDERED,** Debtor prays that the Court approve the proposed compromise and settlement.

    Respectfully submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expressway., Suite 400
Austin, Texas 78731
(512) 476-9103
(512) 279-0310 (Facsimile)
ssather@bn-lawyers.com

By:   /s/*Stephen W. Sather*
    Stephen W. Sather
    State Bar No. 17657520

### CERTIFICATE OF SERVICE

    By my signature below, I hereby certify that I served the above and foregoing Motion on the parties listed on the attached matrix on this the 12th day of December 2022.

    /s/*Stephen W. Sather*
    Stephen W. Sather

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-6<br>Case 22-60004<br>Southern District of Texas<br>Victoria<br>Fri Jul 29 13:32:03 CDT 2022 | First Financial Bank, N.A.<br>P.O. BOX 3679<br>Abilene, TX 79604-3679 | Ford Motor Credit Company LLC<br>Devlin, Naylor & Turbyfill, P.L.L.C.<br>c/o George F. Dunn<br>5120 Woodway Dr., Ste. 9000<br>Houston, TX 77056-1725 |
| Fort Bend County<br>Linebarger Goggan Blair & Sampson LLP<br>c/o Jeannie Lee Andresen<br>P.O. Box 3064<br>Houston, TX 77253-3064 | Quality Lease Rental Service, LLC<br>c/o Walter J. Cicack<br>Hawash Cicack & Gaston LLP<br>3401 Allen Parkway, Suite 200<br>Houston, TX 77019-1857 | Quality Lease Service, LLC<br>c/o Walter J. Cicack<br>Hawash Cicack & Gaston LLP<br>3401 Allen Parkway, Suite 200<br>Houston, TX 77019-1857 |
| Quality Lease and Rental Holdings, LLC<br>c/o Walter J. Cicack<br>Hawash Cicack & Gaston LLP<br>3401 Allen Parkway, Suite 200<br>Houston, TX 77019-1857 | Rocaceia, LLC<br>c/o Walter J. Cicack<br>Hawash Cicack & Gaston LLP<br>3401 Allen Parkway, Suite 200<br>Houston, TX 77019-1857 | Texas Champion Bank<br>c/o Mike Thiltgen<br>P.O. Box 270550<br>Corpus Christi, TX 78427-0550 |
| Texas Quality Mats, LLC<br>P.O. Box 168<br>El Campo, TX 77437-0168 | Wharton County, Texas<br>c/o Tara LeDay<br>P.O. Box 1269<br>Round Rock, TX 78680-1269 | 6<br>United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 |
| AT&T Corp<br>PO Box 5072<br>Carol Stream, IL 60197-5072 | Allan Martin<br>c/o REID, COLLINS, & TSAI LLP<br>1301 S. Capital of Texas Hwy  Building C<br>Austin, TX 78746-6550 | Bank of America<br>P.O. Box 15284<br>Wilmington, DE 19850-5284 |
| Bank of America, N.A.<br>PO Box 673033<br>Dallas, TX 75267-3033 | Enhanced Recovery<br>8014 Bayberry Rd.<br>Jacksonville, FL 32256-7412 | FORD CREDIT<br>PO BOX 650575<br>Dallas, TX 75265-0575 |
| First Financial Bk Min<br>Po Box 2559<br>Abilene, TX 79604-2559 | First State Bank - Louise<br>Card Service Center<br>PO Box 569120<br>Dallas, TX 75356-9120 | Ford Motor Credit Company, LLC<br>C/o George F. Dunn<br>5120 Woodway Dr., Suite 9000<br>Houston, Texas 77056-1725 |
| Fort Bend County<br>c/o Jeannie Lee Andresen<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, Tx 77253-3064 | Fort Bend County<br>c/o John P. Dillman<br>Linebarger Goggan Blair & Sampson LLP<br>P.O. Box 3064<br>Houston, Tx 77253-3064 | Greta Yvette Mobley<br>1082 County Road 451<br>El Campo, TX 77437-5593 |
| Independent Bankersbank<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 | Internal Revenue Service<br>Centralized Insolvency Office<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | Lincoln Automotive Fin<br>Attn: Bankrutcy<br>PO Box 54200<br>Omaha, NE 68154-8000 |
| M/G Finance Co., Ltd.<br>c/o John Seth Bullard<br>Orgain, Bell & Tucker, LLP<br>PO Box 1751<br>Beaumont, TX 77704-1751 | MATAGORDA INDEPENDENT SCHOOL DISTRICT<br>1700 7th Street, Room 203<br>Bay City TX 77414-5034 | MG Finance Co LTD<br>1655 Louisiana Street<br>Beaumont, TX 77701-1120 |

| | | |
|---|---|---|
| People's United Equipment Finance Corp.<br>c/o T. Josh Judd<br>Andrews Myers, P.C.<br>1885 Saint James Place, 15th Floor<br>Houston, Texas 77056-4175 | Peoples Bank<br>5820 82nd Street<br>Lubbock, TX 79424-3617 | Quality Lease Rental Service, LLC<br>c/o REID, COLLINS, & TSAI LLP<br>1301 S. Capital of Texas Hwy Building C,<br>Austin, TX 78746-6574 |
| Quality Lease Service, LLC<br>c/o REID, COLLINS, & TSAI LLP<br>1301 S. Capital of Texas Hwy Building C,<br>Austin, TX 78746-6574 | Quality Lease and Rental Holdings, LLC<br>23403B NW Zac Lentz Pkwy<br>Victoria, TX 77905-0702 | Reid, Collins, & Tsai LLP<br>ATTN: Lisa S. Tsai<br>1301 S. Capital of Texas Hwy  Building C<br>Austin, TX 78746-6550 |
| Richard E. Borstmayer<br>c/o Kyle R. Watson<br>Winstead PC<br>24 Waterway Ave Suite 500<br>The Woodlands, TX 77380-3289 | Rocaceia, LLC<br>c/o REID, COLLINS, & TSAI LLP<br>1301 S. Capital of Texas Hwy Building C,<br>Austin, TX 78746-6574 | Santander Consumer USA<br>Attn: Bankruptcy 10-64-38-FD7    601 Penn<br>Reading, PA 19601 |
| Santander Consumer USA, Inc.<br>d/b/a Chrysler Capital<br>P.O. Box 961275<br>Fort Worth, TX 76161-0275 | Texas Champion Bank<br>P.O. Box 270550<br>Corpus Christi, Texas 78427-0550 | Texas Champion Bank<br>PO Box 2090<br>Alice, TX 78333-2090 |
| US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 | United States Attorney General<br>Centralized Insolvency Office<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0009 | United States Attorney General<br>Internal Revenue Service<br>1000 Louisiana St Ste 2300<br>Houston, TX 77002-5010 |
| Wharton County<br>c/o Julie Anne Parsons<br>P.O. Box 1269<br>Round Rock, TX. 78680-1269 | Wharton County<br>c/o Tara LeDay<br>P.O. Box 1269<br>Round Rock, Texas 78680-1269 | Wood, Boykin, & Wolter<br>ATTN: Peter E. Avots & Joseph B. Baucum<br>615 North Upper Broadway,  Suite 1100<br>Corpus Christi, TX 78401-0748 |
| David Michael Mobley<br>3815 Montgomery Rd<br>Richmond, TX 77406 | Janet Northrup, Chapter 7 Trustee<br>c/o Heather McIntyre<br>1201 Louisiana, 28th Floor<br>Houston, TX 77002-5607 | Jerome A Brown<br>The Brown Law Firm<br>13900 Sawyer Ranch Rd<br>Dripping Springs, TX 78620-4539 |
| Melissa A Haselden<br>Haselden Farrow PLLC<br>Pennzoil Place<br>700 Milam<br>Suite 1300<br>Houston, TX 77002-2736 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)MATAGORDA ISD | (u)People's United Equipment Finance | End of Label Matrix<br>Mailable recipients     51<br>Bypassed recipients      2<br>Total                    53 |

# IN THE UNITED STATED BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA

| | |
|---|---|
| IN RE: § § § § § § § § | CASE NO: 22-60004 |
| DAVID MICHAEL MOBLEY, | |
| Debtor. | |
| | CHAPTER 11 |

## MEDIATED TERM SHEET

THIS TERM SHEET DESCRIBES THE MATERIAL TERMS OF A PROPOSED COMPROMISE, ADDITIONALLY, THIS TERM SHEET IS PROTECTED BY RULE 408 OF THE FEDERAL RULES OF EVIDENCE AND ANY OTHER APPLICABLE STATUTES OR DOCTRINES PROTECTING THE USE OR DISCLOSURE OF CONFIDENTIAL SETTLEMENT DISCUSSIONS, OTHER THAN AS EXPRESSED HEREIN AND AS REQUIRED TO SEEK BANKRUPTCY COURT APPROVAL OF THIS TERM SHEET.

On December 1, 2022, the following matters were mediated by the Hon. Eduardo V. Rodriguez, Chief United States Bankruptcy Judge for the Southern District of Texas in his capacity as a Judicial Mediator.: (i) *Debtor's Motion to Dismiss*, ECF No. 136; (ii) *Quality's Motion to Convert Case to Chapter 7 or, in the Alternative, to Appoint a Chapter 11 Trustee or Examiner*, ECF No. 137; (iii) *Quality Parties' Objection To Debtor's Homestead Exemption*, ECF No. 111; (iv) *Objection to Claim No 10-1 Filed by Quality Lease and Rental Holdings, LLC*, ECF No. 140; (v) *Plaintiffs' Complaint To Determine The Dischargeability Of Debt Pursuant To 11 U.S.C § 523(A), (2), (4), And (6) Against Debtor/Defendant David Michael Mobley*, Case No. 22-6024, ECF No. 1; and (vi) *Civil action 6:16-0006 Quality Lease and Rental Holdings, et al., v. Greta Yvette Mobley, et al.*

This Mediated Term Sheet is entered into by and among the parties whose signatures appear at the end of this document and resolves all disputes related to the matters referenced herein. The following sets forth the principal terms of a proposed settlement (the "*Settlement*") between David Michael Mobley, ("*Debtor*"), and Quality Lease and Rental Holdings LLC, Quality Lease Rental Service LLC, Quality Lease Service LLC ("*Quality Companies*"), and Rocaceia, LLC ("*Rocaceia*"), (collectively, the "*Parties*"), that would result in a global resolution of all issues between them.

This Term Sheet is executed to evidence the Parties' commitment to proceed in mutual good faith to (i) obtain Bankruptcy Court approval of the Settlement Terms; and (ii) negotiate and enter into any other agreements and such other documents as are necessary for implementation of the Settlement and consistent with the terms of the Settlement.

## TERMS OF SETTLEMENT

1. Parties understand and acknowledge that this Term Sheet constitutes a compromise and settlement of all disputed matters arising from and related to:

    (i) *Debtor's Motion to Dismiss*, ECF No. 136;
    (ii) *Quality's Motion to Convert Case to Chapter 7 or, in the Alternative, to Appoint a Chapter 11 Trustee or Examiner*, ECF No. 137
    (iii) *Quality Parties' Objection To Debtor's Homestead Exemption*, ECF No. 111;
    (iv) *Objection to Claim No 10-1 Filed by Quality Lease and Rental Holdings, LLC,* ECF No. 140; and
    (v) *Plaintiffs' Complaint To Determine The Dischargeability Of Debt Pursuant To 11 U.S.C § 523(A), (2), (4), And (6) Against Debtor/Defendant David Michael Mobley*, Case No. 22-6024, ECF No. 1.
    (vi) *Civil action 6:16-0006 Quality Lease and Rental Holdings, et al., v. Greta Yvette Mobley, et al.*

2. No action taken by the Parties, either previously or in connection with this Term Sheet will be deemed or construed to be (i) an admission of the truth or falsity of any claims heretofore made; or (ii) an acknowledgement or admission by any Party or any fault or liability whatsoever to any Party or any third party. The compromise set forth herein is subject to Bankruptcy Court approval.

3. This Term Sheet is intended to be binding and enforceable upon the Parties immediately and agree that all formal documents and all formal orders by the Bankruptcy Court will not change the material and essential terms of this Term Sheet. If the 9019 Motion is denied by the Bankruptcy Court or the order approving the 9019 Motion is later overturned, reversed, set aside, vacated, or otherwise determined to be null and/or void, the Parties agree that the Parties shall be allowed to withdraw their statements and agreements set forth in this Term Sheet and any related motions filed with the Bankruptcy Court, and may not be used against either of the Parties in any motions or at trial on the merits in this lawsuit or any other lawsuit.

4. Debtor will file a 9019 Motion to approve this compromise described in this Term Sheet by December 15, 2022.

5. The Quality Companies shall file a motion to appoint a litigation trustee on or before December 15, 2022. The Parties agree with that Brendon Singh or Deidre Brown shall be acceptable subject to such individual's agreement. If the Parties are unable to reach agreement with a proposed litigation trustee, they shall confer, and if necessary, return to additional mediation with Judge Rodriguez. The duties of the litigation trustee prior to confirmation of a plan shall consist of investigating potential claims and defining "reserved claims" in the plan to be filed. The expenses of the litigation trustee prior to the confirmation date shall be administrative expenses.

6. The Debtor shall file a plan incorporating the terms of this agreement within 120 days of approval of the Rule 9019 motion.

7. The claim of the Quality Companies shall be allowed in the amount of $40 million.

8. The Debtor and the Quality Companies shall submit an agreed judgment in Adv. No. 22-6024 providing that $2,250,000 shall be non-dischargeable subject to the provisions of this agreement within thirty days after entry of a confirmation order. The Quality Companies agree that any funds received by them pursuant to the Plan shall be credited against the non-dischargeable judgment. The Quality Companies agree to forebear from collection upon the non-dischargeable judgment until six years after entry of the confirmation order. The non-dischargeable judgment shall not bear interest during the forbearance period described above. Following the expiration of the forbearance period, the non-dischargeable judgment shall bear interest at the federal judgment rate at that time.

9. The Plan shall require the Debtor to make payment on all Allowed administrative, priority and secured claims, including the secured claim of the IRS. In addition, Allowed unsecured creditors shall receive the following payments:

    (a) Any amounts recovered by the litigation trustee net of expenses incurred by the litigation trustee;
    (b) The sum of $300,000.00 to be paid by the Debtor at $5,000.00 per month beginning on the Effective Date; and
    (c) The sum of $1,600,000 to be paid by the Debtor and/or Texas Quality Mats, LLC according to the following schedule: $5,000 per month for the first twenty-four months after the effective date; $10,000 per month for the next twelve months; $15,000 for the next twelve months; $20,000 for the next twelve months; and a balloon payment of $940,000 due sixty (60) months after the effective date. The Debtor shall be authorized to convey the property known as the Yard Property to Texas Quality Mats, LLC upon final payment.
    (d) The Debtor shall grant the litigation trustee a lien upon the Yard Property in the amount of $1,000,000 to secure the payments of $1,600,000 described in paragraph 9(c) above to be made under the Plan.
    (e) Texas Quality Mats, LLC shall guarantee the Debtor's obligations to unsecured creditors under the Plan.
    (f) Subject to the other provisions of the plan, the Debtor shall retain all real and personal property belonging to the Debtor or the estate (specifically not including the claims assigned to the litigation trustee).

10. The litigation trustee shall be entitled to investigate and prosecute any claims or causes of action belonging to the bankruptcy estate, except for claims or causes of action against Texas Quality Mats, LLC or Lisa Mobley. The litigation trustee shall be entitled to reasonable compensation, which shall be paid out of the funds recovered by the litigation trustee.

11. Upon entry of the agreed judgment in Adv. No. 22-6024, the Parties shall submit a joint motion to dismiss Civil Action 6:16-0006 without prejudice.

12. Within thirty (30) days of entry of a confirmation order, The Quality Companies shall withdraw their objection to the homestead exemption.

13. Within fourteen (14) days after entry of the order on the 9019 motion, the Debtor and the Quality Companies shall withdraw their respective motions to dismiss and to convert without prejudice.

14. Within fourteen (14) days after entry of the order on the 9019 motion, the Debtor shall withdraw its objection to the claim of the Quality Companies without prejudice.

15. Each Party shall bear their own attorney's fees and costs.

16. Prior to an order on the 9019 Motion being entered by the Bankruptcy Court, any disagreement as to appropriate terms, conditions or other provisions of the final Term Sheet may be submitted to the Mediator for a final decision as to inclusion or exclusion of the disputed provisions, or as to the appropriate resolution.

17. The Bankruptcy Court will retain exclusive jurisdiction related to all issues concerning performance of the Term Sheet and enforcement of any order entered approving the 9019 Motion.

18. In the event that the plan contemplated by this agreement is not confirmed by the Bankruptcy Court, either Party may declare this settlement null and void.

19. <u>Compromise of Claims</u>. It is understood and agreed that this is a compromise of disputed claims between the Parties and that the consideration transferred herein is to compromise those disputed claims, avoid litigation, and buy peace, and that nothing contained herein shall be construed as an admission of liability by, or on behalf of, any Parties to the 9019 Motion, any and all such liability being expressly denied.

20. <u>Representations and Warranties</u>. The Parties warrant and represent that: (a) Subject to Bankruptcy Court approval, each party has the full right and authority to enter into this Term Sheet and that each party signing the Term Sheet is authorized to do so; (b) they are the current legal and beneficial owners of all claims, liabilities, and/or causes of action released by virtue of the Term Sheet; (c) they have read and understood all aspects of the Term Sheet, and of its effects; and (d) they will have executed the Term Sheet as a free and voluntary act of their own free will without any threat, force, fraud, duress, or coercion of any kind.

21. <u>Binding Effect and Benefit</u>. The Term Sheet shall inure to the benefit of, and shall be binding upon, the Parties and their respective heirs, executors, administrators, personal representatives, successors and assigns.

22. <u>Modification</u>. No provision contained herein may be modified, amended or waived except by written agreement or consent signed by the Party to be bound thereby.

23. <u>Headings and Captions</u>. Subject headings and captions are included for convenience purposes only and shall not affect the interpretation of this Term Sheet.

24. <u>Entire Agreement</u>. The Term Sheet constitutes the entire agreement of the Parties and supersedes any and all other prior agreements, oral or written, with respect to the subject matter contained herein.

25. <u>Governing Law</u>.  The Term Sheet shall be governed by the laws of the State of Texas, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws principles or any other rule, regulation or principle that would result in the application of any other state's law.

26. <u>Attorneys' Fees for Enforcement</u>.  If any Party to this Term Sheet succeeds on the merits of any legal action to enforce the Term Sheet or any order entered on a 9019 Motion, such party shall be entitled to recover reasonable attorneys' fees and court costs.

27. <u>Expenses</u>.  Each Party shall pay its own respective legal and other professional fees and other expenses incurred in connection with the matters compromised in this Term Sheet.

28. <u>Severability</u>.  In the event that any part of this Term Sheet shall be found to be illegal or in violation of public policy, or for any reason unenforceable at law, such finding shall not invalidate any other part hereof.

29. <u>Jurisdiction</u>.  Should any disagreement arise out of the interpretation or enforcement of this Term Sheet, the Bankruptcy Court for the Southern District Of Texas shall maintain jurisdiction over any disputes which arise between the Parties.

30. <u>Counterparts.</u> This Term Sheet may be executed and delivered in counterparts which together shall constitute a single instrument.

THE AGREEMENTS MADE IN THIS THIS  TERM SHEET ARE NOT SUBJECT TO REVOCATION AND ARE SIGNED BY ALL PARTIES AND THEIR ATTORNEYS, WHO WERE PRESENT AT THE TIME THAT THEIR RESPECTIVE CLIENTS SIGNED THIS TERM SHEET.

BY THE SIGNATURES BELOW, WE ACKNOWLEDGE THAT THIS MEDIATION WAS CONDUCTED IN ACCORDANCE WITH THE *TEXAS CIVIL PRACTICE AND REMEDIES CODE* AND OTHER APPLICABLE STATE LAWS, AND THAT THE JUDICIAL MEDIATOR IS NOT AN ADVOCATE FOR EITHER PARTY. WE ALSO ACKNOWLEDGE THAT WE ARE FREELY ENTERING INTO THIS AGREEMENT, AND THAT THERE WAS NO DURESS OR UNDUE INFLUENCE BY THE MEDIATOR OR ANY ATTORNEY OR PARTY DURING THIS MEDIATION.

WE FURTHER ACKNOWLEDGE THAT THE JUDICIAL MEDIATOR ASSISTED IN THE PREPARATION OF THIS RECORD OF OUR AGREEMENT AT OUR REQUEST. WE UNDERSTAND THESE TERMS AND ACKNOWLEDGE THAT WE VOLUNTARILY RESOLVED AND/OR CLARIFIED THE ISSUES IN DISPUTE AND HOLD THE JUDICIAL MEDIATOR HARMLESS FOR OUR AGREEMENT. PURSUANT TO THE *TEXAS CIVIL PRACTICE AND REMEDIES CODE*, THIS MEDIATION IS CONFIDENTIAL. ALL RECORDS, REPORTS, OR OTHER DOCUMENTS RECEIVED BY THIS JUDICIAL MEDIATOR AND ADMINISTRATIVE ENTITY (ODR) ARE CONFIDENTIAL AND SHALL BE DESTROYED BY THE JUDICIAL MEDIATOR.

THE SIGNATURES BELOW AFFIRM THIS IS A WRITTEN TERM SHEET AS CONTEMPLATED BY SECTION 154.071 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE AND RULE 11 OF THE TEXAS RULES OF CIVIL PROCEDURE.

**IN WITNESS WHEREOF,** the Parties have caused this Term Sheet to be executed on their behalf by the signatures of their duly authorized representatives below.

**Dated:  December 1, 2022.**

_____
David Michael Mobley, individually and as authorized representative of Texas Quality Mats, LLC

_____
Stephen Wayne Sather
Barron Newburger, P.C.
7320 N Mopac Expy
Ste 400
Austin, TX 78731


_____
By: Jason Beauvais, authorized representative
Quality Lease & Rental Holdings, LLC
Quality Lease Rental Service, LLC
Quality Lease Service, LLC, and
Rocaceia LLC



_____
Walter J. Cicack
Texas Bar No. 04250535
wcicack@hcgllp.com
Jeremy M. Masten
Texas Bar No. 24083454
masten@hcgllp.com
3401 Allen Parkway, Suite 200
Houston, Texas 77019