IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE | § § § | |
| DAVID MICHAEL MOBLEY, | § § | CASE NO. 22-60004<br>CHAPTER 11 |
| DEBTOR | § | |

### OBJECTION OF TEXAS CHAMPION BANK TO APPROVAL OF DISCLOSURE STATEMENT PROPOSED BY DEBTOR [DOC. #214]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Texas Champion Bank (hereinafter "TCB") objects to approval of the Disclosure Statement proposed by Debtor [Doc. #214] and would respectfully show the court the following:

### Background

1. Debtor filed for relief under Title 11 of the United States Bankruptcy Code on or about January 21, 2022.

2. Debtor filed a Disclosure Statement proposed by Debtor on or about September 6, 2023.

3. The last day to file and serve written objections to the Disclosure Statement pursuant to order dated September 18, 2023 [Doc #220] is October 9, 2023.  The hearing on approval of the Disclosure Statement is set for October 18, 2023

### Objections to Disclosure Statement

4. TCB objects to approval of the Disclosure Statement because it fails to provide sufficient information as required under 11 U.S.C. § 1125.

5.     The Disclosure Statement identifies Class 10 claims as Guaranty Claims, and states that Class 10 shall consist of unsecured claims where the Debtor is a guarantor of the obligation of a third party.  However, the Debtor only identifies Ford Motor Company as a creditor in this class.

6.     The disclosure statement also identifies Class 11 claims as unsecured claims of more than $75,000, and lists TCB as a member of Class 11.

7.     TCB's claim [Claim #35] arises out of a guaranty agreement signed by Debtor where Debtor guaranteed repayment of the obligation of Texas Quality Well Service, LLC.

8.     Debtor's disclosure statement [Doc #214] fails to contain sufficient information to determine why Debtor classified TCB as a Class 11 claimant instead of a Class 10 Claimant, even though TCB's Claim arises out of Debtor's obligation of a third party.

9.     TCB asks the court to deny approval of the disclosure statement proposed by the Debtor [Doc #214], or in the alternative, have the debtor amend the disclosure statement to provide sufficient information to determine why TCB is not receiving the same treatment as other creditors holding guaranty claims, as provided in Class 10.

10.    TCB reserves the right to make further objections to the Disclosure Statement, any modifications or amendments thereto, any exhibits, documents, or other documents that have not yet been promulgated which may be related to the Disclosure Statement as such further objections may be appropriate.  TCB reserves the right to object to the proposed Plan and attempts by Debtor to cram down the Plan over a dissenting and impaired class of claims.

WHEREFORE, PREMISES CONSIDERED, TCB prays that the court deny approval of Debtor's Disclosure Statement, and grant such other and further relief to which TCB may show itself justly entitled.

        Respectfully submitted,

        /s/ Peter E. Avots
Peter E. Avots
Federal I.D. No. 11424
State Bar No. 01456450
pea@wbwpc.com
Joseph B. Baucum
Federal I.D. No. 3709666
State Bar No. 24076262
jbb@wbwpc.com
WOOD, BOYKIN & WOLTER
A Professional Corporation
555 N. Carancahua Street, Suite 1510
Corpus Christi, Texas 78401
(361) 888-9201
(361) 888-8353 (facsimile)

ATTORNEYS FOR TEXAS CHAMPION BANK

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that a copy of the foregoing document was served via the ECF system to the parties receiving ECF notice on October 9, 2023:

        /s/ Peter E. Avots
Peter E. Avots