**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

|  |  |
|---|---|
| **In re:** | ) |
|  | ) |
| **DAVID MICHAEL MOBLEY** | )     **Case No. 22-60004-CML** |
| **Debtor.** | ) |
|  | )     **Chapter 11** |
|  | ) |
|  | ) |

<u>**DEBTOR'S AMENDED PLAN OF REORGANIZATION DATED ~~JULY 31~~OCTOBER __, 2023**</u>

Stephen W. Sather
**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
(512) 476-9103
(512) 476-9253 (Facsimile)

ATTORNEYS FOR DEBTOR-IN-POSSESSION

## TABLE OF CONTENTS

**ARTICLE I - DEFINITIONS AND USE OF TERMS** .................................................. 1
  1.01  **Defined Terms.** ........................................................................................... 1
  1.02  **Number and Gender of Words** ................................................................ 65
  1.03  **Terms Defined in the Bankruptcy Code** ............................................... 65
  1.04  **Headings** .................................................................................................. 65
  1.05  **Time Computation** ................................................................................. 65
**ARTICLE II - CONCEPT OF PLAN** ............................................................................ 6
  2.01  **Generally** ................................................................................................. 6
**ARTICLE III - PROVISIONS APPLICABLE TO ALL CLAIMS** ............................... 6
  3.01  **Treatment of Claims** .............................................................................. 6
  3.02  **Allowed Claims** ...................................................................................... 6
  3.03  **Amount of Claims** .................................................................................. 76
  3.04  **Allowance of Post-Petition Interest, Fees and Costs** ........................... 76
  3.05  **Filing of Claims Arising From Rejection of Unexpired Leases or Executory**
       **Contracts** ................................................................................................. 76
  3.06  **Filing of Administrative Claims** ........................................................... 76
  3.07  **Cure Claims** ............................................................................................ 7
  3.08  **Claims Arising from Avoidable Transfers** .......................................... 7
  3.09  **Filing of Requests for Post-Petition Fees or Costs** ............................. 7
  3.10  **Objections to Claims** .............................................................................. 7
**ARTICLE IV - CLASSIFICATION AND TREATMENT OF CLASSES UNDER THE**
**PLAN** ............................................................................................................................. 87
  4.01  **Class 1—Administrative Expense Claims** ............................................ 87
  4.02  **Class 2—Priority Claims** ....................................................................... 8
  4.03  **Class 3—Secured Tax Claim of Travis County** ................................... 8
  4.04  **Class 4—Secured Claim of Mauriene Howey** ...................................... 98
  4.05  **Class 5—Secured Claim of Greater Texas Federal Credit Union** ......... 98
  4.06  **Class 6—Secured Claim of Wells Fargo Bank, N.A.** ........................... 109
  4.07  **Class 7—General Unsecured Claims** .................................................... 109
  4.08  **Class 8—Equity Interests** ...................................................................... 1210
**ARTICLE V - MEANS FOR IMPLEMENTATION OF PLAN** .................................. 1210
  5.01  **Disbursement Agent** ............................................................................... 1210
  5.02  **Management of the Reorganized Debtor** ............................................. 1210
  5.03  **Payment of Fees and Expenses** ............................................................. 1210
  5.04  **Payment of Disposable Income** ................................ **Error! Bookmark not defined.**11
**ARTICLE VI - TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED**
**LEASES** ........................................................................................................................ 1211
  6.01  **Assumption** .............................................................................................. 1211
  6.02  **Rejection** .................................................................................................. 1211
**ARTICLE VII - PROVISIONS FOR THE RETENTION, ENFORCEMENT,**
**SETTLEMENT, OR ADJUSTMENT OF CLAIMS BELONGING TO THE DEBTOR**
**AND THE ESTATE INCLUDING PREFERENCES AND CONVEYANCES** ............... 1311
  7.01  **Avoidance Actions** ................................................ **Error! Bookmark not defined.**11
  7.02  **Debtor's Other Bankruptcy and Non-Bankruptcy Causes of Action** ............. **Error!**

i

**Bookmark not defined.**~~12~~
**ARTICLE VIII - EFFECT OF CONFIRMATION** ...................................................... 14~~12~~
   8.01   **Discharge** ...................................................................................................... 14~~12~~
   8.02   **Status of Property of the Estate After Confirmation** ................................. 14~~12~~
   8.03   **Binding Nature of Plan** ................................................................................ 14~~12~~
**ARTICLE IX - MODIFICATION OF PLAN** ........................................................... 14~~12~~
   9.01   **Modification to the Plan** ............................................................................... 14~~12~~
**ARTICLE X - POST-CONFIRMATION PROCEDURE**............................................. 14~~12~~
   10.01  **Application for Final Decree** ......................................................................... 15~~12~~
   10.02  **U.S. Trustees Matters** ................................................................................... 15~~13~~
**ARTICLE XI - DEFAULT AND OTHER RELATED PROVISIONS**................................ 15~~13~~
**ARTICLE XII - RETENTION OF JURISDICTION** .................................................. 15~~13~~
   12.01  **Allowance of Claims** ..................................................................................... 15~~13~~
   12.02  **Proceedings Related to Executory Contracts and Unexpired Leases** ................ 15~~13~~
   12.03  **Plan Interpretation** ....................................................................................... 16~~13~~
   12.04  **Plan Interplementaion** .................................................................................. 16~~14~~
   12.05  **Plan Modification** ......................................................................................... 16~~14~~
   12.06  **Adjudication of Controversies** ..................................................................... 16~~14~~
   12.07  **Injunctive Relief** ........................................................................................... 16~~14~~
   12.08  **Interpleader Action** ...................................................................................... 16~~14~~
   12.09  **Correct Minor Defects** ................................................................................. 16~~14~~
   12.10  **Authorization of Fees and Expense** ............................................................. 16~~14~~
   12.11  **Post-Confirmation Orders Regarding Confirmation** ................................... 16~~14~~
   12.12  **Final Decree** ................................................................................................. 16~~14~~
**ARTICLE XIII - MISCELLANEOUS PROVISIONS** ............................................... 16~~14~~
   13.01  **Request for Relief Under 11 U.S.C. § 1129(b)** ........................................... 16~~14~~
   13.02  **Revocation** .................................................................................................... 17~~14~~
   13.03  **Effect of Withdrawal or Revocation** ........................................................... 17~~15~~
   13.04  **Due Authorization by Creditors** .................................................................. 17~~15~~
   13.05  **Entire Agreement** ......................................................................................... 17~~15~~
   13.06  **Section 1146 Exemption** ............................................................................ 17~~15~~
   13.07  **Provisions Governing Distributions** ............................................................ 17~~15~~
   13.08  **Governing Law** ............................................................................................. 18~~16~~
   13.09  **Post-Confirmation Noticing** ........................................................................ 18~~16~~

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **DAVID MICHAEL MOBLEY** | ) | **Case No. 22-60004-CML** |
| Debtor. | ) | |
| | ) | **Chapter 11** |
| | ) | |
| | ) | |

**DEBTOR'S ~~AMENDED~~ PLAN OF REORGANIZATION DATED OCTOBER 17, 2023~~OCTOBER 15, 2023~~**

David Michael Mobley ("Debtor") proposes the following ~~Amended~~ Plan of Reorganization ("Plan") Dated ~~July 3~~October __, 2023, pursuant to chapter 11 of title 11, United States Code ("Bankruptcy Code" or "Code").

## ARTICLE I
### DEFINITIONS AND USE OF TERMS

1.01    **Defined Terms.** Unless the context otherwise requires, capitalized terms shall have the meanings set forth in this Section 1.01.

1.01.01        **Administrative Expense Claim** means an administrative expense or Claim described in 11 U.S.C. § 503 and entitled to administrative priority pursuant to 11 U.S.C. § 507(a)(1), including but not limited to Claims for compensation of professionals made pursuant to 11 U.S.C. §§ 330 and 331 which arose after the Petition Date.

1.01.02        **Administrative Tax Claim** means an Unsecured Claim by a governmental unit for taxes (including interest or penalties related to such taxes) for any tax year or period, all or a portion of which occurs or falls within the period from and including the Petition Date through the Effective Date.

1.01.03        **Allowed Claim** means a Claim against the Debtor allowable under the Bankruptcy Code to the extent that (i) a Proof of Claim, Proof of Interest, or request for payment was timely filed or, with leave of the Bankruptcy Court, late filed, and as to which no objection has been timely filed or, if filed, is allowed by a Final Order, unless otherwise provided in this Plan or (ii) the Claim is scheduled and not listed as disputed, contingent or unliquidated, and to which no objection has been timely filed or, if filed, is allowed by a Final Order.

1.01.04        **Allowed Secured Claim** means an Allowed Claim secured by a lien, security interest or other charge or interest in property in which the Debtor has an interest, to the extent of the value thereof as determined in accordance with 11 U.S.C. § 506(a).

1.01.05     **Avoidance Actions** shall mean actions to avoid and recover transfers under 11 U.S.C. §§ 544, 545, 546, 547, 548, 549 or 553(b) or under state law, as may be appropriate.

1.01.06     **Ballot** means the document approved by the Bankruptcy Court for voting on the Plan and for holders of Class Claims to elect their treatment option.

1.01.07     **Bankruptcy Code** or **Code** means the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

1.01.08     **Bankruptcy Court** means the United States Bankruptcy Court for the Southern District of Texas, or such other Court that may have jurisdiction with respect to Debtor's chapter 11 case, including the United States District Court for the Southern District of Texas to the extent reference of the chapter 11 Case is withdrawn.

1.01.09     **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure, as amended, promulgated under 28 U.S.C. § 2075, and the Local Rules of the Bankruptcy Court, as applicable from time to time to the Debtor's chapter 11 Case.

1.01.10     **Bar Date** means the date subsequent to which a proof of pre-petition Claim may not timely be filed or the date by which proofs of claims held by governmental agencies must be filed.

1.01.11     **Business Day** means any date except Saturday, Sunday or any other day on which commercial banks in Victoria, Texas, are authorized by law to be closed for business.

1.01.12     **Case** means this chapter 11 bankruptcy case in this Bankruptcy Court.

1.01.13     **Claim** means (i) any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.01.14     **Claimant** means any person or entity having or asserting a Claim in this case.

1.01.15     **Class** or **Classes** mean all of the holders of Claims or Interests that the Debtor have designated pursuant to 11 U.S.C. § 1123(a)(1) as having substantially similar characteristics as described in Article IV of this Plan.

1.01.16     **Confirmation** means the entry by the Bankruptcy Court of a Confirmation Order confirming this Plan.

1.01.17     **Confirmation Date** means the date on which the Confirmation Order is

entered.

      1.01.18       **Confirmation Order** means the Order of the Court confirming the Plan pursuant to 11 U.S.C. § 1129.

      1.01.19       **Contested** when used with respect to a Claim means a Claim against the Debtor that (a) is listed in the Debtor' Schedules of Assets and Liabilities as disputed, contingent or unliquidated; (b) is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (c) has had or is subject to an objection being timely filed and has not been denied by Final Order.  To the extent an objection related to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the Objection.

      1.01.20       **Creditor** shall have the meaning specified by 11 U.S.C. § 101(9) of the Code.

      1.01.21.       **Cure Claim** means the amount necessary to cure any default or arrearage, together with the amount necessary to compensate for damages suffered as a result of such default or arrearage, on an unexpired lease or executory contract which has been assumed pursuant to 11 U.S.C. § 365.

      1.01.22       **Debtor** means David Michael Mobley, the Debtor in the above-captioned chapter 11 Case.

      1.01.23       **Disputed Claim** means any Claim as to which the Debtor or any other party in interest has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules, which objection or request for estimation has not been withdrawn or determined by Final Order.

      1.01.24       **Effective Date** means the first day of the calendar month after entry of the Confirmation Order unless the Court rules otherwise.

      1.01.25.       **Estate** means the estate created pursuant to 11 U.S.C. § 541 with respect to the Debtor.

      1.01.26       **Equity Interest or Interest** means the Debtor' ownership interest in their property.

      1.01.27       **Fee Claim** means a Claim under 11 U.S.C. § 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in the Debtor Case.

      1.01.28       **Filed** means delivered to the Clerk of the Bankruptcy Court or filed electronically.

      1.01.29       **Final Order** means an Order or judgment entered by the Bankruptcy Court or any other court exercising jurisdiction over the subject matter and the parties as to which the

time to appeal has expired and as to which a stay pending appeal has not been granted.

       1.01.30      **General Unsecured Claim** means an Unsecured Claim that is not entitled to priority under 11 U.S.C. § 507(a).

       1.01.31      **Impaired** means the treatment of an Allowed Claim pursuant to the Plan *unless,* with respect to such Claim, either (a) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim entitles the holder of such Claim or (b) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim to demand or receive accelerated payment of such Claim after occurrence of a default, the Debtor (i) cures any default that occurred before or after the commencement of the Case on the Petition Date, other than default of the kind specified in 11 U.S.C. § 365(b)(2), (ii) reinstates the maturity of such Claim as such maturity existed before such default, (iii) compensates the holder of such Claim for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law, and (iv) does not otherwise alter the legal, equitable or contractual rights to which such Claim entitles the holder of such Claim; or (c) the Plan provides that on the Effective Date the holder of such claim receives, on account of such Claim, cash equal to the Allowed Amount of such Claim.

       1.01.32      **Lien** shall mean a contractual or statutory lien against an interest of the Debtor in real or personal property.

       1.01.33      **Litigation Trustee Agreement** shall mean that one certain Litigation Trustee Agreement in substantially the form of the attached Exhibit C.

       1.01.3~~3~~4      **Litigation Trustee** shall mean ~~the person approved by the Court at the Confirmation Hearing to serve as litigation trustee.~~ Jourdain Poupore or such successor who may be appointed pursuant to the terms of this Plan.

       1.01.3~~4~~5      **Market Rate of Interest** means an interest rate sufficient to provide the present value of a claim pursuant to 11 U.S.C. §§ 1129(a)(9) or 1129(b) as may be appropriate.  A Market Rate of Interest shall be the Prime Rate of interest on the date of the Confirmation Order plus 1% unless the parties agree on another rate or the Court determines otherwise with regard to a specific Class of Claims.

       1.01.3~~5~~6      **Oversecured Claim** means a Claim which is secured by property which is valued at more than the amount of the Claim.  An Oversecured Claim shall be entitled to receive post-petition interest at the non-default contract rate and may also receive post-petition fees and costs if authorized by a contract.

       1.01.3~~6~~7      **Person** means an individual, partnership, or corporation, but does not include a governmental unit unless the government unit acquires an asset as a result of operation of a loan guarantee agreement, or as receiver or liquidating agent, in which case such governmental unit shall be considered a person for purposes of 11 U.S.C. § 1102 Code.

       1.01.3~~7~~8.      **Petition Date** means January 21, 2022, the date on which the Debtor filed

4

their petition for relief in this Case.

1.01.3~~8~~9.        **Plan** means this Plan of Reorganization, as it may be amended, modified or supplemented by the Debtor from time to time as permitted herein and by the Bankruptcy Court.

1.01.~~39~~40        **Pre-petition** means prior to the Petition Date.

1.01.4~~0~~1        **Plan Supplement** shall be the document filed by the Debtor at least seven days prior to the Confirmation Hearing containing the proposed ~~Litigation Trust Agreement, the~~ proposed assignment of claims to the Litigation Trust ~~and the proposed Yard Deed of Trust~~.

1.01.4~~1~~2        **Preserved Claims** shall mean those claims described in Article VII of the Plan as Preserved Claims and attached hereto as Exhibit A.

1.01.4~~2~~3        **Prime Rate** shall mean the prime rate published by the Wall Street Journal on a given day.

1.01.4~~3~~4        **Priority Creditor** means a Creditor whose Claim is entitled to priority under 11 U.S.C. § 507.

1.01.4~~4~~5        **Pro-Rata** means proportionately, based on the percentage that the amount of an Allowed Claim within a particular Class bears to the aggregate amount of all Allowed Claims in such Class.

1.01.4~~5~~6        **Property of the Estate** means all property in which the Debtor holds a legal or an equitable interest, including all property described in 11 U.S.C. § 541.

1.01.4~~6~~7        **Quality Companies** shall mean Quality Lease and Rental Holdings, LLC, Quality Lease Rental Service, LLC, Quality Lease Service, LLC and Roscaceia, LLC.

1.01.4~~7~~8        **Rejection Claim** means any Claim arising pursuant to 11 U.S.C. § 502(g) by reason of rejection by the Debtor of an executory contract or unexpired lease pursuant to 11 U.S.C. § 365 or 1123(b)(2).

1.01.4~~8~~9        **Released Claims** shall mean those claims described in Article VII of this Plan as Released Claims.

1.01.~~49~~50        **Reorganized Debtor** means the Debtor after the Effective Date of the Plan.

1.01.5~~0~~1        **Secured Claim** means any Claim secured by a lien, security interest, or other charge or interest, in property in which the Debtor or either of them has an interest to the extent of the value thereof as determined in accordance with 11 U.S.C. § 506(a).

1.01.5~~1~~2        **Secured Creditor** or **Secured Claimant** means any Claimant holding a

5

Secured Claim.

     1.01.5~~2~~3.     **Settlement Agreement** means the Mediated Term Sheet entered into on December 1, 2022 in this case, a copy of which is attached hereto as Exhibit B, and approved by the Court on January 6, 2023 (Dkt. 164).

     1.01.54.     **Yard Deed of Trust** shall mean the Deed of Trust pledging the Yard Property pursuant to the terms of this Plan which shall be in the form of the attached Exhibit D.

     1.01.5~~3~~5.     **Yard Property** means the property owned by the Debtor located at 480 CR 335, El Campo, Texas 77437.

     1.02     **Number and Gender of Words.**     Whenever the singular number is used, it shall include the plural, and the plural shall include the singular, as appropriate to the context. Words of any gender shall include each other gender where appropriate. The terms Debtor and Debtor shall refer to each of the Debtor unless specifically identified to refer to a specific Debtor.

     1.03     **Terms Defined in the Bankruptcy Code.**     Capitalized terms not specifically defined in Section 1.01 of the Plan shall have the definitions given those terms, if applicable, in the Bankruptcy Code.

     1.04     **Headings.**     The headings and captions used in the Plan are for convenience only and shall not be deemed to limit, amplify or modify the terms of this Plan nor affect the meaning thereof.

     1.05     **Time Computation.**     In computing any time prescribed herein the provision of Fed. R. Bankr. P. 9006(a) shall apply.

## ARTICLE II
### CONCEPT OF PLAN

     2.01     **Generally.**     The Debtor shall pay at least his disposable income to creditors in accord with the Settlement Agreement.

## ARTICLE III
### PROVISIONS APPLICABLE TO ALL CLAIMS

     3.01     **Treatment of Claims.**     This Plan is intended to resolve all Claims against the Debtor and/or property of the Debtor of whatever character, whether contingent or liquidated, or whether allowed by the Bankruptcy Court pursuant to 11 U.S.C. § 502(a). However, only Allowed Claims will receive treatment afforded by the Plan. The Plan is designed to ensure that Claimants shall receive at least as much pursuant to this Plan as they would receive in a liquidation pursuant to chapter 7 of the Bankruptcy Code.

     3.02     **Allowed Claims.**     To receive a distribution under the Plan, a Creditor must have an

Allowed Claim.

3.03 **Amount of Claims.** If the Debtor have scheduled a Claim and have not indicated that such Claim is disputed, contingent, or unliquidated, then the amount scheduled by the Debtor shall control unless the Creditor files a Proof of Claim in a different amount or a party in interest files an objection to the scheduled claim. If a creditor files a Proof of Claim, then the amount stated in the Proof of Claim shall control unless a party in interest files an objection to the Claim. If a party in interest files an objection to a Proof of Claim or a scheduled claim, then the amount determined by the Court in a Final Order shall control.

3.04 **Allowance of Post-Petition Interest, Fees and Costs.** Unless otherwise provided by a statute applicable to cases under title 11, a Claim shall not be entitled to post-petition interest, fees or costs. An Oversecured Claim shall be entitled to interest at the non-default contract or statutory rate from the date of the Petition until the Confirmation Date. An Oversecured Claim arising under a contract shall be entitled to post-petition fees and costs if the contract so provides and if an application for allowance of post-petition fees and costs is timely filed and approved by the Court by a Final Order. A Claim may be determined to be an Oversecured Claim if so designated by the Plan or if determined by the Court by a Final Order.

3.05 **Filing of Claims Arising From Rejection of Unexpired Leases or Executory Contracts.** Any Claims arising from the rejection of unexpired leases or executory contracts shall be filed by the date specified in the order rejecting such lease or contract. If no date is specified, the date for filing a Rejection Claim shall be deemed to be the later of thirty (30) days after the Effective Date or thirty (30) days after entry of the order rejecting the lease or contract.

3.06 **Filing of Administrative Claims.** Any requests for allowance of Administrative Expense Claims which are not listed in Paragraph 4.01.01 below or are listed without an amount must be filed within thirty (30) days after the Effective Date or shall be barred.

3.07 **Cure Claims.** Any Cure Claims shall be filed within thirty (30) days after the Effective Date or shall be barred unless otherwise agreed to by the parties.

3.08 **Claims Arising from Avoidable Transfers.** A person who is found to have received a voidable transfer shall have thirty (30) days following the date from which the order ruling that such transfer is avoidable or approving the settlement of a suit on an avoidable transfer becomes a Final Order in which to file a Claim in the amount of the settlement or the avoided transfer, which is less. The Liquidating Trustee may object to any such claim within sixty (60) days of the claim being filed.

3.09 **Filing of Requests for Post-Petition Fees or Costs.** Any requests for allowance of post-petition fees or costs pursuant to 11 U.S.C. § 506(b) shall be filed within thirty (30) days after the Effective Date or shall be barred.

3.10 **Objections to Claims.** Any party authorized by the Bankruptcy Code may object to the allowance of a Pre-Petition Claim at any time prior to fifteen (15) days after the Effective Date or ten (10) days after such claim is filed, which is later. Any Proof of Claim filed after the

bar date(s) set by the Court shall be of no force and effect and shall be deemed disallowed.  All Contested Claims shall be litigated to Final Order; *provided, however*, that the Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court.

## ARTICLE IV
### CLASSIFICATION AND TREATMENT OF CLASSES UNDER THE PLA

4.01    **Class 1—Administrative Expense Claims**

4.01.01        Administrative Expense Claims consist of expenses incurred during the chapter 11 proceeding prior to confirmation which are approved by the Court and expenses incurred in operating the Debtor' business.  The estimated future UST fees are also included in this class although payment is not required until the fees are due. Most administrative expense claims consist of claims by professionals employed by the Bankruptcy Estate.  The Debtor are aware of the following Class 1 Administrative Claims:

4.01.02        No Administrative Expense Claims for professional fees shall be allowed except pursuant to Court order.

4.01.03        Unless otherwise agreed, each holder of a Class 1 claim shall be paid in full on the later of the Effective Date or on the date that a final order is entered approving or allowing the Administrative Expense Claim or the claim for professional fees or as due under applicable law.

4.01.04        Class 1 is not impaired.

4.02    **Class 2—Priority Claims**

4.02.01        Class 2 consists of Claims entitled to Priority under 11 U.S.C. § 507(a).

4.02.02        The Class 2 claim, if any, shall be paid on the Effective Date is such claim is allowed in the amount of $5,000 or less. If the claim is allowed at an amount in excess of $5,000, it shall be payable in sixty (60) equal monthly installments including interest at the rate of 4% per annum.

4.02.03        Class 2 is not impaired.

4.03    **Class 3—Secured Claims of Wharton County and Matagorda ISD**

4.03.01        Class 3 shall consist of the Secured Claims of Wharton County and Matagorda ISD.

4.03.02        The Class 3 Creditor shall retain its lien upon the Debtor's property. Class 3 shall be entitled to interest from the petition date to the confirmation date at the rate of 1% per month.

8

4.03.03        The Debtor shall pay Class 3 in sixty (60) equal monthly installments including interest at the rate of 1% per month.

4.03.04        Class 3 is impaired.

**4.04    Class 4—Secured Claim of First Financial Bank**

4.04.01        Class 4 consists of the Secured Claim of First Financial Bank.

4.04.02        First Financial Bank shall retain its lien under the Plan.

4.04.03        Debtor shall continue to make the regular contractual payments to First Financial Bank in the amount of $16,298.54.   Interest shall continue to accrue at the contractual rate.

4.04.04        Class 4 is impaired.

**4.05    Class 5—Secured Claims of Ford Motor Credit**

4.05.01        Class 5 consists of the Secured Claims of Ford Motor Credit consisting of the following accounts:

| Code | Account No. | Vehicle | VIN | Payment amt | Next pmt due | Remaining pmts | 10-day payoff |
|---|---|---|---|---|---|---|---|
| MOBLEY3 | XXXX3685 | 2021 Ford F350 | 1FT8W3BT9MEC88037 | $1,991.85 | 10/30/23 | 18 | $34,157.94 |
| MOBLEY4 | XXXX7371 | 2019 Ford F350 | 1FT8W3BT3KEG71033 | $2,035.34 | 10/23/23 | 4 | $9,530.56 |

Formatted Table

4.05.02        Class 5 shall retain its liens under the Plan.

4.05.03        Debtor and/or Texas Quality Mats, LLC shall continue to make the regular monthly payments on the vehicles financed by Ford Motor Credit in accordance with the terms of the respective Texas Motor Vehicle Retail Installment Sales Contracts, the default provisions of which shall control notwithstanding any provision to the contarary contained in the as provided by the Agreed Order Conditioning Automatic Stay as to Four (4) Ford Vehicles (Dkt. #94) or this Plan.

4.05.04        Class 5 is unimpaired.

4.06    **Class 6—Secured Claim of Internal Revenue Service.**

4.06.01    Class 6 shall consist of the Secured Claim of the Internal Revenue Service.

4.06.02    The Internal Revenue Service shall retain its liens under the Plan.

4.06.03    The Internal Revenue Service shall receive payment of its claim in sixty (60) equal monthly installments including the statutory rate of interest in effect on the Confirmation Date.

4.06.04    Class 6 is impaired.

4.07    **Class 7—Secured Claim of People's United Equipment Finance Corp.**

4.07.01    Class 7 shall consist of the Secured Claim of People's United Equipment Finance Corp.

4.07.02    People's United Equipment Finance Corp. shall not retain its liens under the Plan.

4.07.02    The Class 7 creditor has been paid in full and will not receive any further payments. Its liens shall be deemed satisfied.

4.07.04    Class 7 is impaired.

4.08    **Class 8—Secured Claim of Santander Consumer USA.**

4.08.01    Class 8 shall consist of the Secured Claim of Santander Consumer USA.

4.08.02    Santander Consumer USA shall retain its liens under the Plan to the extent of the value of its collateral. Unless the Court rules otherwise, the value of the collateral shall be fixed at $500.00. The remaining claim of Santander shall be an unsecured claim.

4.08.03    The Debtor shall pay Santander $500.00 on the Effective Date in full satisfaction of its secured claim (but not its unsecured claim).

4.08.04    Class 8 is impaired.

4.09    **Class 9—Unsecured Claims of Less than $75,000.00**

4.09.01    Class 9 shall consist of Allowed Unsecured Claims of less than $75,000.00.

4.09.02    The Class 9 claims shall receive a single payment of 10% of the amount of their Allowed Claims on the Effective Date or the date that a claim becomes an Allowed Claim,

whichever is later.

4.09.03        Any Class 9 creditor may elect to be treated under Class 11. Any Class 9 creditors which votes to reject the plan shall be deemed to have elected Class 11 treatment.

4.09.03        Class 9 is impaired.

**4.10        Class 10—Guaranty Claims**

4.10.01        Class 10 shall consist of unsecured claims where the Debtor is a guarantor of the obligation of a third party where that third party is still in business and making the payments upon the claim. Texas Champion Bank shall not fall within this class.

4.10.02        Claims falling within Class 10 shall be paid by their principal obligor. The Debtor's guaranty shall remain in force and may be enforced by the creditor in the event of a default by the principal obligor.  These claims shall be paid in full.

4.10.03        Class 10 is unimpaired.

**4.11        Class 11--Unsecured Claims of More Than $75,000**

4.11.01        Class 11 shall consist of Allowed Unsecured Claims of more than $75,000 which are not Guaranty Claims.  Pursuant to the Settlement Agreement, the Quality Companies shall hold a Class 11 Unsecured Claim in the amount of $40,000,000.

4.11.02        The Class 11 Unsecured Creditors shall receive three forms of payment: Classes 1-10, and Class 12 shall not be entitled to any of these funds, and they shall be paid from other funds available to the Debtor.

(a) Any amounts recovered by the Litigation Trustee net of expenses incurred by the Litigation Trustee shall be distributed pro rata to the Class 11 Creditors.

(b) The Debtor shall pay $5,000.00 per month for 60 months beginning on the Effective Date.

(c) The sum of $1,600,000.00 shall be paid by the Debtor and/or Texas Quality Mats, LLC according to the following schedule:
   (i)    $5,000.00 per month for the first twenty-four months after the Effective Date;
   (ii)   $10,000.00 per month for the next twelve months;
   (iii)  $15,000.00 per month for the next twelve months;
   (iv)   $20,000.00 per month for the next twelve months; and
   (v)    A balloon payment of $940,000.00 shall be due sixty (60) months after the Effective Date.

11

4.11.03        The Debtor shall grant the Litigation Trustee a lien on the Yard Property in the amount of $1,000,000.00 to secure the payment of $1,600,000 in paragraph 4.11.02(c) above.

4.11.04        Texas Quality Mats, LLC shall be jointly and severally liable with the Debtor for the timely payment of Class 11 Unsecured Creditors.

4.11.05        The Debtor shall be authorized to convey the Yard Property to Texas Quality Mats, LLC upon final payment to the Class 11 creditors.

4.11.06.         Class 11 is impaired.

4.12      **Class 12—Equity Interests**

4.12.01        Class 12 consists of the Equity Interest of the Debtor.

4.12.02        The Debtor shall retain his interests in property. Within thirty (30) days after entry of the Confirmation Order, the Quality Companies shall withdraw their objection to the Debtor's homestead exemption.

4.12.03        Class 12 is unimpaired.


### ARTICLE V
### MEANS FOR IMPLEMENTATION OF PLAN

5.01    **Disbursing Agent.**  The Reorganized Debtor shall be the disbursing agent for the Plan for all Allowed Claims other than Class 11. The Litigation Trustee shall be the disbursing agent for the Class 11 claims.

5.02    **Management of the Reorganized Debtor.**  The Debtor shall continue to manage his business affairs.

5.03    **Payment of Fees and Expenses.**  The Reorganized Debtor may pay reasonable attorney's fees and out of pocket expenses incurred in the implementation of this Plan.


### ARTICLE VI
### TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    **Assumption.**  Unless ordered otherwise by the Court, no executory contracts or unexpired leases shall be assumed.

6.02    **Rejection.**  Unless ordered otherwise by the Court, all executory contracts and unexpired leases shall be rejected.  The Debtor believes that any executory contracts in existence on the Petition Date have been terminated.

**ARTICLE VII**
**PROVISIONS FOR THE RETENTION, ENFORCEMENT, SETTLEMENT,**
**OR ADJUSTMENT OF CLAIMS BELONGING TO THE DEBTOR AND THE ESTATE**
**INCLUDING PREFERENCES AND CONVEYANCES AS WELL AS LITIGATION WITH QUALITY**
**LEASE AND RENTAL HOLDINGS, LLC, ET AL**

7.01    **The Litigation Trustee.**

(a) The Litigation Trustee shall be an estate representative pursuant to 11 U.S.C.
§1123(b)(3)(B). The Litigation Trustee shall be vested with the full power and
authority to pursue, compromise or release the Preserved Claims.

(b) The Litigation Trustee shall be entitled to compensation on an hourly basis as
well as reimbursement of expenses. Such compensation and expenses shall be
paid out of the funds recovered by the Litigation Trustee.

(c) The Litigation Trustee shall be entitled to retain counsel and other professionals
to represent him.

(d) The Litigation Trustee shall be entitled to payment of compensation and
reimbursement of expenses and shall be entitled to compensate any professional
retained by the Trustee by filing a Notice of Intent to Pay Professional Fees
with the Court and serving such Notice upon the Class 11 creditors. If no party
shall object within fourteen (14) days, the Trustee shall be entitled to make the
proposed payment. If a party in interest shall object, the Trustee shall be entitled
to make such payment to the extent authorized by the Court following notice
and a hearing.

7.02    **The Released Claims.**   Entry of the Confirmation Order shall release any and all
claims and causes of action which the Debtor or the Estate may hold against Texas Quality Mats,
LLC, Lisa Mobley, Allan Martin and/or The Quality Companies; provided that such release shall
not affect the obligations of Texas Quality Mats, LLC under this Plan.

7.03.    **The Preserved Claims.**   All other claims and causes of action belonging to the
Debtor other than the Released Claims shall be preserved and shall be assigned to the Litigation
Trustee. For purposes of clarity, the claims and~~all potential claims~~ ~~causes of action described in~~
related to the claims described in the Examiner's Report of Drew McManigle dated May 30, 2023
are preserved. (see attached Exhibit A).

7.04    **The Quality Companies Adversary Proceeding.**   The parties shall enter into an
Agreed Judgment in Adv. No. 22-6024 awarding the Plaintiffs a non-dischargeable judgment
against the Debtor in the amount of $2,250,000. Any amounts received by the Plaintiffs as creditors
under this Plan shall be credited against the non-dischargeable judgment. The Plaintiffs shall
forebear from exercising any collection remedies for a period of six years after entry of the
Confirmation Order. The Agreed Judgment shall not be interest during the six year forbearance

13

period. At the conclusion of the six year forbearance period, the Agreed Judgment shall begin to accrue interest at the then-applicable federal judgment rate.

    7.05    **The Settlement Agreement.** All of the terms of the Settlement Agreement shall be deemed to be incorporated into this Plan and binding upon the Parties to the Settlement Agreement regardless of whether they are expressly stated int this Plan.

## ARTICLE VIII
### EFFECT OF CONFIRMATION

    8.01    **Discharge.** The Debtor shall receive a discharge of their liability on all of the debts treated by the Plan upon the conclusion of payments under the Plan. To be clear, if Debtor make the payments required by this Plan, he shall have no further liability on any of the debts treated by the Plan save and except for non-dischargeable judgment to be entered in Adv. No. 22-6024.

    8.02    **Status of Property of the Estate After Confirmation.** Confirmation of the Plan shall vest the Property of the Estate in the Debtor free and clear of all claims and liens except as expressly provided in the Plan; provided that if the Plan is not substantially consummated, the property of the Estate shall revest in the Estate upon conversion to chapter 7 or entry of an order revoking confirmation of the Plan.

    8.03    **Binding Nature of Plan.** Pursuant to 11 U.S.C. § 1141, the provisions of the confirmed Plan shall bind the Debtor and its Creditors and the holders of its Equity Securities existing as of the Effective Date, whether or not the Claim or Equity Interest is impaired under the Plan and whether or not such Creditor or Equity Interest Holder has accepted the Plan. The distributions provided for Claimants shall not be subject to any Claim by another creditor or interest holder by reason of any assertion of a contractual right of subordination.

## ARTICLE IX
### MODIFICATION OF PLAN

    9.01    **Modification to the Plan.** In accordance with 11 U.S.C. § 1127 and Fed R. Bankr. P. 3019, to the extent applicable, Debtor may modify or amend the Plan prior to the Confirmation Date, provided that notice and an opportunity for hearing are given to any affected party and the Court finds that the proposed modification or correction does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted the modification in writing. Debtor may modify the Plan after Confirmation and before substantial consummation as long as the modification complies with the requirements of 11 U.S.C. §§ 1122 and 1123 and the Plan as modified will become the Plan if, after notice and hearing, the Court finds that circumstances warrant such modification and confirms the Plan as modified.

## ARTICLE X
### POST-CONFIRMATION PROCEDURE

10.01   **Application for Final Decree.**  The Debtor shall file an application for final decree not later than one hundred and twenty (120) days after the Litigation Trustee certifies that he has completed all litigation which he intends to be pursued..  If the Plan cannot be substantially consummated as that term is defined in 11 U.S.C. § 1101(2) during this time period or if there are still pending matters to be ruled upon by the Court, the Debtor shall seek an extension of such deadline from the Court.  If the Debtor fail to file an Application for Final Decree prior to such deadline or fails to timely request an extension of the same, then the Court, on its own motion or at the request of any party in interest, including the United States Trustee, may enter an order closing the Debtor' case.

10.02   **U.S. Trustees Matters**

10.02.01       **Fees.**  The Debtor shall continue to pay U.S. Trustee fees until the case is closed, dismissed or converted.

10.02.02.       **Reports.**  The Debtor shall file post-confirmation reports in the form prescribed by the United States Trustee until the case is closed.

## ARTICLE XI
### DEFAULT AND OTHER RELATED PROVISIONS

11.01.  In the event of a default by the Debtor under the Plan (which explicitly includes the failure to pay fees to the United States Trustee as they come due), creditors or affected parties may exercise any rights granted to them under documents executed to evidence the Plan or any rights available to creditors under applicable bankruptcy and/or non-bankruptcy law.  In the absence of documents executed to evidence the Plan, this Plan may be enforced as a contract. Notwithstanding any other provision, any creditor alleging a default shall give the Debtor fifteen (15) days notice and an opportunity to cure before exercising any rights available upon default; no creditor shall be required to give more than three notices of default during the term of this Plan.

## ARTICLE XII
### RETENTION OF JURISDICTION

Notwithstanding confirmation of the Plan or the Effective Date having occurred, the Court will retain jurisdiction for the following purposes:

12.01   **Allowance of Claims**.   To hear and determine the allowability of all claims upon objections to such claims.

12.02   **Proceedings Related to Executory Contracts and Unexpired Leases**.   To act with respect to proceedings regarding the assumption of any executory contract or unexpired lease of the Debtor pursuant to 11 U.S.C. §§ 365 and 1123 of the Code and Article VI of the Plan.

12.03   **Plan Interpretation**.    To resolve controversies and disputes regarding the interpretation of the Plan.

12.04   **Plan Implementation.**   To implement and enforced the provisions of the Plan and enter orders in aid of confirmation and implementation of the plan.

12.05   **Plan Modification.**    To modify the Plan pursuant to 11 U.S.C. § 1127 and applicable Bankruptcy Rules, except that no modification shall be made to the Plan that would impair, diminish or affect in any way the rights of the participants of any of the classes of the Plan without the consent of such class.

12.06   **Adjudication of Controversies.**    To adjudicate such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court against the debtor.

12.07   **Injunctive Relief.**    To issue any injunction or to other relief as appropriate to implement the intent of the plan, and to enter such further orders enforcing any injunction or other relief issued under the plan or in the confirmation order.

12.08   **Interpleader Action.**    To entertain Interpleader actions concerning assets to be distributed or other assets of the Estate.

12.09   **Correct Minor Defects.**    To correct any defect, cure any omission or reconcile any inconsistency or ambiguity in the plan, the conformation order or any document executed or to be executed in connection therewith, as may be necessary to carry out the purposes and intent of the plan, provided that the rights of any holder or an allowed claim are not materially and adversely affected thereby.

12.10   **Authorization of Fees and Expense.**    To review and authorize payment of professional fees incurred prior to the effective date.

12.11   **Post-Confirmation Orders Regarding Confirmation.**    To enter and implement such orders as may be appropriate in the event the Confirmation order is, for any reason, stayed, reversed, revoked, modified, or vacated.

12.12   **Final Decree.**   To enter a final decree closing the Case pursuant to Fed. R. Bankr. P. 3022.

## ARTICLE XIII
### MISCELLANEOUS PROVISIONS

13.01   **Request for Relief Under 11 U.S.C. § 1129(b)**.   In the event any impaired Class shall fail to accept this plan in accordance with 11 U.S.C. § 1129(a), Debtor reserves the right to, and does herby request the Court confirm the Plan in accordance with 11 U.S.C. § 1129(b).

13.02   **Revocation.**   The debtor reserves the right to revoke and withdraw this plan at any time prior to the confirmation Date.

13.03   **Effect of Withdrawal or Revocation.**   If the Debtor revoke or withdraws this Plan prior to the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void.  In such event, nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings further proceedings involving the debtor.

13.04   **Due Authorization by Creditors.**    Each and every Claimant who elects to participate in the distributions provided herein warrants that it is authorized to accept in consideration of its Claim commitments, agreements or understandings express or implied, that may defeat or modify the rights conveyed or obligations undertaken by it under this Plan.

13.05   **Entire Agreement**.   The Plan, as described herein, the Confirmation Order, and all other documents and instruments to effectuate the Plan provided for herein, constitute the entire agreement and understanding among the parties hereto relating to the subject matter hereof and supersedes all prior discussions and documents.

13.06   **Section 1146 Exemption.**   Pursuant to 11 U.S.C. § 1146(c), the issuance, transfer or exchange of any security under this Plan or the making or delivery of any instrument or transfer pursuant to, in implementation of or as contemplated by this Plan or the transfer of any property pursuant to this plan shall not be taxed under any federal, state, or local law imposing a stamp, transfer or similar tax or fee.

13.07   **Provisions Governing Distributions.**

13.07.01      All payments and distributions under the Plan shall be made by the Reorganized Debtor.  Any payments or distributions made by the Debtor pursuant to the Plan or as may be ordered by the Bankruptcy Court, to the extent delivered by the United States Mail, shall be deemed made when deposited into the United Sates mail.

13.07.02      Payments of cash to be made by the Debtor pursuant to the Plan shall be made by check drawn on a domestic bank or by wire transfer from a domestic bank.

13.07.03      Distributions and deliveries to holders of Allowed Claims shall be made at the addresses set forth the on the proofs of claim or proofs of interest filed by such holders (or at the last known addresses of such holders if no proof of claim or proof of interest is filed) unless Claimant files with the Court and serves the Reorganized Debtor with a change of address.  All claims for undeliverable distributions shall be made on or before the second anniversary of the effective date.  After such date, all unclaimed property shall remain the property of the debtor and the claim of any other holder with respect to such unclaimed property shall be discharged and forever barred.

13.07.04      Checks issued by the Debtor with respect to Allowed Claims shall be null

17

and void if not cashed within ninety (90) days of the day of delivery thereof.  Requests for reissuance of any check shall be made directly to the Debtor by the holder of the Allowed Claim to who such check originally was issued.  Any claim with respect to such a voided check shall be made within one year after the date of delivery of such check.  After such date, all claims with respect to void checks shall be discharged and forever barred, and the amount of such checks shall become Unclaimed Property and returned to the Reorganized Debtor.

13.07.05     No interest shall be paid on any Claim unless, and only to the extent that, the Plan specifically provides otherwise.

13.07.06     The Reorganized Debtor shall not be required to mail any check in the amount of $10.00 or less.  The Reorganized Debtor shall retain such funds until the aggregate amount owed to the creditor exceeds $10.00.  In the alternative, any creditor owed a payment of $10.00 or less may arrange to take delivery of such payment at the Reorganized Debtor's place of business.

13.08   **Governing Law.**   Unless a rule or law or procedure supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) is applicable, or a specific choice of law provision is provided, the laws of the State of Texas shall govern the construction and implementation of the plan and any agreements, documents, and instruments executed in connection with the plan, without regard to conflicts of law.

13.09   **Post-Confirmation Noticing.**     Subsequent to the Confirmation Date, the Reorganized Debtor shall not be required to give notice to any creditor whose claim has been disallowed or paid in full.  Except for the Application for Final Decree and subject to the foregoing, if a party is required to give notice in connection with a notice, pleading or application, such notice shall be deemed sufficient if it is sent to:  (a) the Debtor; (b) the attorney for the Debtor; (c) the Reorganized Debtor; (d) the attorney for the Reorganized Debtor; (e) the Office of the United States Trustee; (f) all Secured Creditors to the extent that their Allowed Claims have not been paid in full; and (e) unsecured creditors who request notice or who were in Debtor's twenty (20) largest unsecured creditors.

Respectfully submitted,

_____
David Michael Mobley

18

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
(512) 476-9103 Ext. 220
(512) 476-9253 (Facsimile)


By:     /s/Stephen W. Sather
        Stephen W. Sather
        State Bar No. 17657520

ATTORNEYS FOR DEBTOR-IN-POSSESSION

19