# LITIGATION TRUST AGREEMENT

This Litigation Trust Agreement (the "**Agreement**") is dated as of the Effective Date (defined below), and is by and between David Michael Mobley ("**Mobley**") and the Bankruptcy Estate (defined below), on the one hand, and Jourdain Poupore, the Litigation Trustee (the "**Litigation Trustee**"), on the other hand.

## RECITALS

**WHEREAS**, on January 21, 2022, David Michael Mobley filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "**Bankruptcy Court**"), under Case No. 22-60004-CML (the "**Bankruptcy Case**"), and such filing created a bankruptcy estate under Section 541 of the Bankruptcy Code (the "**Bankruptcy Estate**");

**WHEREAS**, on July 31, 2023, the Debtor filed with the Bankruptcy Court the Debtor's Plan of Reorganization Dated July 31, 2023 (as confirmed, the "**Plan**");

**WHEREAS**, the Plan was confirmed by order of the Bankruptcy Court dated _____, 2023 (the "**Confirmation Order**");

**WHEREAS**, the Plan, among other things, provides for the creation of the Litigation Trust and the appointment of a litigation trustee for such trust;

**WHEREAS**, the primary purpose of the Litigation Trust is the prosecution and liquidation of the Preserved Claims (as defined in the Plan and/or Confirmation Order) and distribution of the proceeds thereof in accordance with the Plan and this Agreement, with no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Litigation Trust;

**WHEREAS**, the Plan provides for the appointment of a litigation trustee for the purposes set forth in the Plan and herein;

**WHEREAS**, the Litigation Trustee has been appointed to serve as the litigation trustee;

**WHEREAS**, the Litigation Trustee has accepted such appointment as the litigation trustee and has agreed to serve in such capacity under the terms and conditions set forth in the Plan and herein.

**NOW THEREFORE**, in consideration of the premises and mutual covenants and agreements contained herein, Mobley, the Bankruptcy Estate, and the Litigation Trustee agree as follows:

## ARTICLE I
## DEFINITIONS

Section 1.1   *Certain Terms Defined*.   As used herein, defined terms not otherwise defined in this Agreement shall have the meaning ascribed to them in the Plan and/or Confirmation Order, and the following terms have the respective meaning specified below:

"**Final Determination**" shall mean a settlement, compromise, or other agreement with the relevant governmental authority, whether contained in an IRS Form 870 or other comparable form, or otherwise, or such procedurally later event, such as a closing agreement with the relevant governmental authority, an agreement contained in IRS Form 870-AD or other comparable form, an agreement that constitutes a "determination" under section 1313(a)(4) of the Code, or a deficiency notice with respect to which the period for filing a petition with the Tax Court or the relevant governmental authority that is not subject to appeal or as to which the time for appeal has expired.

"**Indemnified Parties**" shall mean, individually and collectively, the Litigation Trustee, and to the extent applicable, his companies, affiliates, attorneys, partners, officers, directors, members, employees, consultants, disbursing agents, or duly designated agents or representatives.

"**IRS**" shall mean the United States Internal Revenue Service.

"**Lien**" means, with respect to any Person, any interest granted by such Person (or any interest imposed by law) in any real or personal property, asset or other right owned or being purchased or acquired by such Person which secures payment or performance of any obligation and shall include any mortgage, lien, encumbrance, charge or other security interest of any kind, whether arising by contract, as a matter of law, by judicial process or otherwise.

"**Person**" means any natural person, corporation, partnership, trust, limited liability company, association, governmental authority or unit, or any other entity, whether acting in an individual, fiduciary or other capacity.

"**Revenue Procedure**" means Revenue Procedure 94-45, 1994-2 C.B. 684 (July 11, 1994).

"**Subsidiary**" means, as to any Person, a corporation, partnership, limited liability company or other entity of which shares of stock or other ownership interests having ordinary voting power to elect a majority of the board of directors or other managers of such corporation, partnership, limited liability company, or other entity are at the time owned, or the management of which is otherwise controlled, directly or indirectly through one or more intermediaries, or both, by such Person.

"**Tax Code**" shall mean the Internal Revenue Code of 1986, as amended.

"**Treasury Regulations**" shall mean the Treasury Department Regulations promulgated under the Tax Code.

"**Trust Assets**" shall mean the Preserved Claims and all proceeds thereon, vested in the Litigation Trust free and clear of Liens, charges, claims, encumbrances, and other interests.

## ARTICLE II
## CREATION/TERMINATION OF LITIGATION TRUST

Section 2.1   *Creation of the Litigation Trust.*  Pursuant to the Plan, the Litigation Trust is hereby constituted and created as a liquidating trust, in accordance with the tax treatment described in **Section 5.1** hereof, and in accordance with the Bankruptcy Code, for the primary purposes of prosecuting and liquidating the Preserved Claims and distributing the proceeds thereof

for the benefit of the Litigation Trust Beneficiaries in accordance with the terms and conditions of this Agreement and the Plan and/or Confirmation Order, with no objective to engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, such liquidating purpose (referred to herein as the "**Litigation Trust**").

Section 2.2  *Appointment and Acceptance of the Litigation Trustee*.  Jourdain Poupore is appointed as the Litigation Trustee, to act and serve as the Litigation Trustee in accordance with this Agreement and the Plan and/or Confirmation Order for the duration of the Litigation Trust, subject to death, resignation or removal.  Jourdain Poupore hereby accepts the appointment as the Litigation Trustee, and, in such capacity, agrees to hold the Trust Assets, in trust, in accordance with the terms of this Agreement and to administer the Litigation Trust pursuant to the terms and conditions of this Agreement and the Plan and/or Confirmation Order.

Section 2.3  *Name of the Trust*.  The Litigation Trust established pursuant to this Agreement shall bear the name "Mobley Litigation Trust." In connection with the exercise of Litigation Trustee's powers under this Agreement, the Litigation Trustee may use this name or such variation thereof as the Litigation Trustee, in the Litigation Trustee's discretion, may determine to be appropriate.

Section 2.4  *Transfer of Assets to the Trust*.  Pursuant to the Plan and the Confirmation Order as of the Effective Date, the Debtor and the Bankruptcy Estate hereby unconditionally and irrevocably transfer, assign, and deliver and agree in the future to transfer, assign, and deliver (as applicable) to the Litigation Trustee all of their respective rights, title, and interests from time to time in and to (i) the Trust Assets free and clear of all claims, Liens, encumbrances, charges, and other interests and (ii) all files, instruments, papers, information, and other books and records of the Debtor and/or the Bankruptcy Estate related to the Trust Assets, in each case to be held by the Litigation Trustee, to be administered for the benefit of the Litigation Trust Beneficiaries.  To the extent any Trust Asset cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable nonbankruptcy law that is not superseded or preempted by Section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Trust Asset shall be deemed to have been retained by the Debtor and/or the Bankruptcy Estate and the Litigation Trustee shall be deemed to have been designated as a representative of Debtor and/or the Bankruptcy Estate pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such Trust Asset on behalf of such Debtor and/or the Bankruptcy Estate; *provided*, that, the parties hereto shall continue to use commercially reasonable efforts at the cost and expense of the Litigation Trust to transfer any such Trust Asset to the Litigation Trust and in the event that any such Trust Asset cannot be transferred to the Litigation Trust prior to the date which is six (6) months after the Effective Date, the parties shall cooperate to reach a mutually agreeable, commercially reasonable arrangement designed to provide the Litigation Trust with the benefits of such Trust Asset that would have been obtained had such Trust Asset been transferred to the Litigation Trust on the Effective Date.  From and after the Effective Date, any cash, proceeds, or other property received by the Litigation Trust from third parties arising from or related to the prosecution, settlement, or compromise of the Preserved Claims shall constitute Trust Assets for purposes of distributions under this Agreement.  Upon the transfer of the Trust Assets to the Litigation Trust hereunder, the Litigation Trust shall succeed to all of the Debtor's and the Bankruptcy Estate's rights, title, and interests in and to the Trust Assets, and the Debtor and the Bankruptcy Estate will have no further interest in or with respect to the Trust Assets or the Litigation Trust, aside from, as applicable, any obligations imposed under **Section 10.1** hereof.

Section 2.5    *Fiscal Year*.  The fiscal year of the Litigation Trust shall be the calendar year.

Section 2.6    *Termination of Litigation Trust*.  The Litigation Trust shall automatically terminate upon the date of the final distribution of the Trust Assets to the Litigation Trust Beneficiaries pursuant to the Plan, the Confirmation Order, and this Agreement; provided, however, that the term of the Litigation Trust shall not be unduly prolonged, within the meaning of the Revenue Procedure, by the Litigation Trustee and, in any event, the Litigation Trust shall be dissolved no later than five (5) years from the Effective Date unless extended as provided herein.  Notwithstanding the foregoing, multiple fixed-term extensions can be obtained so long as Bankruptcy Court approval is obtained (upon a finding that the extension is necessary to the liquidating purpose of the Litigation Trust) within six (6) months before the expiration of the term of the Litigation Trust and each extended term, provided that any further extension would not adversely affect the status of the Litigation Trust as a liquidating trust within the meaning of Section 301.7701-4(d) of the Treasury Regulations for federal income tax purposes.  After the termination of the Litigation Trust, the Litigation Trust shall be deemed dissolved for all purposes without the necessity for any other or further actions.  Notwithstanding the foregoing, after the termination of the Litigation Trust, the Litigation Trustee shall have the power, authority, and discretion herein conferred solely for the purpose of winding up the affairs of the Litigation Trust, including to file any final tax returns on behalf of the Litigation Trust.

## ARTICLE III
## BENEFICIARIES

Section 3.1    *Litigation Trust Beneficiaries*.  Holders of Allowed Unsecured Claims (class 11) (collectively, the "**Litigation Trust Beneficiaries**"), as provided for in Section 4.11 of the Plan, shall be the beneficiaries of the Litigation Trust.

Section 3.2    *Interests of Litigation Trust Beneficiaries*.  The Litigation Trust Beneficiaries shall be entitled to undivided beneficial interest in the Trust Assets in accordance with Section 4.11 of the Plan (the "**Litigation Trust Interests**").  The ownership of a Litigation Trust Interest hereunder shall not entitle any Litigation Trust Beneficiary to any title in or to the Trust Assets or to any right to call for a partition or division of Trust Assets or to require an accounting.

Section 3.3    *No Suits by Litigation Trust Beneficiaries*.  No Litigation Trust Beneficiary shall have any right by virtue of any provision of this Agreement to institute any action or proceeding, at law or in equity, against any Person with respect to the Trust Assets; provided, however, that a Litigation Trust Beneficiary shall be permitted to institute in the Bankruptcy Court an action or proceeding, in law or in equity, against the Litigation Trustee solely with respect to enforcing its right to a distribution under this Agreement upon demonstrating its compliance with its obligations under this Agreement, and the Litigation Trustee shall have no liability to any Litigation Trust Beneficiary except for acts or omissions arising from gross negligence, intentional misconduct, willful misconduct, or actual fraud.

Section 3.4    *Securities Law Registration*.  It is intended that the Litigation Trust Interests shall not constitute "securities".  To the extent the Litigation Trust Interests are deemed to be "securities," they shall be exempt, pursuant to Section 1145 of the Bankruptcy Code, from

registration under the Securities Act of 1933, as amended (the "**Securities Act**"), and any applicable state and local laws requiring registration of securities.  If the Litigation Trustee determines, with the advice of counsel, that the Litigation Trust is required to comply with registration and reporting requirements of the Securities Exchange Act of 1934, as amended (the "**Exchange Act**"), or the Investment Company Act of 1940, as amended (the "**Investment Company Act**"), then the Litigation Trustee shall take any and all actions to comply with such registration and reporting requirements, if any, and file periodic reports with the Securities and Exchange Commission (the "**SEC**").  Notwithstanding the foregoing procedure, nothing herein shall be deemed to preclude the Litigation Trustee from amending this Litigation Trust Agreement to make such changes as are deemed necessary or appropriate by the Litigation Trustee, with the advice of counsel, to ensure that the Litigation Trust is not subject to the registration or reporting requirements of the Exchange Act or the Investment Company Act.

Section 3.5    *Notice of Change of Address; Undeliverable Property*.  Each Litigation Trust Beneficiary shall be responsible for providing the Litigation Trustee with written notice of any change in address.  The Litigation Trustee is not obligated to make any effort to determine the correct address of a Litigation Trust Beneficiary.

(a)    Subject to Bankruptcy Rule 9010, all distributions under the Plan and this Agreement shall be made to the holders of Litigation Trust Interests at the address of such holder as listed in the bankruptcy schedules and Proof of Claims filed in the Bankruptcy Case, unless the Litigation Trustee has been notified in writing of a change of address.  In the event that any distribution to any such holder is returned as undeliverable, no distribution to such holder shall be made unless and until the Litigation Trustee has been notified of the then current address of such holder, at which time or as soon as reasonably practicable thereafter, such distribution shall be made to such holder without interest.  Undeliverable distributions shall remain in the possession of the Litigation Trustee until the earlier of (i) such time as the relevant distribution becomes deliverable and (ii) the time period specified in subsection (b) hereof.

(b)    Subject to any extensions as determined by the Litigation Trustee, all distributions made pursuant to this Agreement that are unclaimed for a period of ninety (90) days after distribution thereof shall be deemed unclaimed property under Section 347(b) of the Bankruptcy Code and revested in the Litigation Trust and distributed to the other Litigation Trust Beneficiaries.  The Litigation Trustee shall have no further obligation to make any distribution to the holder of such Litigation Trust Interest; <u>provided</u>, <u>however</u>, that the holder of such Litigation Trust Interest may receive future distributions by contacting the Litigation Trustee at some point prior to the final distribution from the Litigation Trust.

## ARTICLE IV
## PURSUING THE LITIGATION

Section 4.1    *Filing of Lawsuits*.  The Litigation Trustee shall be fully authorized and empowered to pursue the Preserved Claims and file any lawsuit or other appropriate legal proceeding in any court of competent jurisdiction (including the Bankruptcy Court), as reasonably determined by the Litigation Trustee to be advisable, and to prosecute any and all of the Preserved Claims to settlement, compromise, or final judgment, all within the discretion of the Litigation Trustee in accordance with the Plan and this Agreement.  The Litigation Trustee shall be authorized to pursue litigation in the name of the Litigation Trust, the Debtor, and/or the Bankruptcy Estate,

5

as the Litigation Trustee deems appropriate. The Litigation Trustee shall be fully authorized to engage counsel to aid in the pursuit of any of the Preserved Claims pursuant to the terms and conditions deemed advisable by the Litigation Trustee and without need of approval of the Bankruptcy Court or the Litigation Trust Beneficiaries.

Section 4.2   *Litigation Trust Expenses*. "**Litigation Trust Expenses**" shall mean all reasonable and documented costs, expenses, and obligations incurred in connection with administering the Litigation Trust and liquidating, monetizing, and distributing the Trust Assets in accordance with the provisions of the Plan, the Confirmation Order, and this Agreement, including the following: (a) all claims, fees, expenses, charges, liabilities, and obligations of the Litigation Trust as contemplated by this Agreement and as required by law; (b) compensation to, and reimbursement of expenses incurred (or to be incurred) by, the Litigation Trustee, and all professionals retained by the Litigation Trust in connection with the performance of the duties of such parties under this Agreement, including, without limitation, the reasonable fees, disbursements, advances and related expenses of the Litigation Trustee's agents, advisors, professionals, retained legal counsel, consultants, and experts; and (c) all claims, fees, expenses, charges, liabilities, and obligations of the Litigation Trust as set forth in this Agreement for the benefit of an Indemnified Party.

Section 4.3   *Compensation and Reimbursement*.

(a)   The Litigation Trustee shall be entitled to payment and reimbursement for his reasonable fees and expenses incurred in the performance of his duties as Litigation Trustee, and such fees and expenses shall be considered Litigation Trust Expenses.

(b)   On and after the Effective Date, the reasonable and documented fees and expenses of any professionals retained by the Litigation Trustee in connection with the prosecution of the Preserved Claims shall be (i) deemed a Litigation Trust Expense, and (ii) paid by the Litigation Trust in accordance with any applicable retention agreements without any requirement of approval by the Bankruptcy Court of the retention, fees, or expenses payable to such professionals.

## ARTICLE V
## TAX MATTERS

Section 5.1   *Tax Treatment*. The Litigation Trust is established for the sole purpose of liquidating, monetizing, and distributing the Trust Assets, in accordance with Treasury Regulation Section 301.7701-4(d) and the Revenue Procedure, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Litigation Trust. The Litigation Trust is intended to qualify as a liquidating trust for U.S. federal income tax purposes. The Debtor, the Bankruptcy Estate, the Litigation Trustee, and all holders of Litigation Trust Interests must treat the transfer to the Litigation Trust of the portion of the Trust Assets attributable to such Litigation Trust Beneficiaries as a transfer of such assets directly to such Litigation Trust Beneficiaries followed by a contribution of the Trust Assets to the Litigation Trust. Consistent therewith, the Debtor, the Bankruptcy Estate, the Litigation Trustee, and all holders of Litigation Trust Interests must treat the Litigation Trust as a grantor trust for federal income tax purposes. Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the receipt by the Litigation Trustee of a private letter ruling if the Litigation Trustee so requests one, or the

receipt of an adverse determination by the IRS upon audit if not contested by the Litigation Trustee), the Litigation Trustee shall, unless otherwise required by a Final Determination, (a) treat the funds and other property held by the Litigation Trustee as held in a single grantor trust for federal income tax purposes in accordance with the trust provisions of the Tax Code (sections 671 et seq.), and (b) to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes.  The Litigation Trustee shall obtain from the IRS an employer identification number for the Litigation Trust.

Section 5.2    *Tax Identification Numbers*.  The Litigation Trustee may require any Litigation Trust Beneficiary to furnish to the Litigation Trustee necessary information for tax and reporting purposes, including such Litigation Trust Beneficiary's employer or taxpayer identification number as assigned by the IRS or the Social Security Administration, as the case may be, and the Litigation Trustee may condition any distribution to any Litigation Trust Beneficiary upon the receipt of such information.

Section 5.3    *Withholding Taxes*.  Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from distributions hereunder.  All Litigation Trust Beneficiaries shall be required to provide any information necessary to effect the withholding of such taxes.

# ARTICLE VI
# POWERS OF AND LIMITATIONS ON THE LITIGATION TRUSTEE

Section 6.1    *Powers of the Litigation Trustee*.  In connection with the administration of the Litigation Trust, the Litigation Trustee is authorized to perform any and all acts necessary and desirable to accomplish the purposes of the Litigation Trust.  On the Effective Date, the Litigation Trustee shall succeed to all rights of the Debtor and the Bankruptcy Estate with respect to the Trust Assets necessary to protect, conserve, and liquidate all the Trust Assets.  Without limiting, but subject to, the foregoing, the Litigation Trustee shall be expressly authorized to:

(a)    prosecute, collect, compromise, settle, or abandon any Preserved Claims without further approval of or application to the Bankruptcy Court (except to the extent required by this Agreement, the Plan, or the Confirmation Order);

(b)    appear and have standing in the Bankruptcy Court (or any other court having jurisdiction over the Trust Assets) to be heard with regard to the Preserved Claims and other matters that may affect or relate to the Trust Assets;

(c)    act on behalf of the Debtor, the Bankruptcy Estate, or the Litigation Trust in prosecuting, compromising, settling, or defending any Preserved Claims or rights (whether legal or equitable) pertaining to the Trust Assets or the Litigation Trust that exist as of the Effective Date or could arise at any time thereafter, whether under the Bankruptcy Code or other applicable law, including in all adversary proceedings and contested matters then pending (whether or not originally asserted in the name of the Debtor, the Bankruptcy Estate, or the Litigation Trust, or any other authorized Estate representative), or that can be commenced in the Bankruptcy Court and in all actions and proceedings that may be pending (whether or not originally asserted in the name of the Debtor, the Bankruptcy Estate, or the Litigation Trust, or any other authorized Estate representative), or that can be commenced elsewhere;

(d) borrow money necessary to pay Litigation Trust Expenses and/or prosecute the Preserved Claims as determined in the Litigation Trustee's discretion on a non-recourse basis except to the proceeds of the Litigation Trust Assets;

(e) receive, manage, supervise, and protect the Trust Assets, including complying with obligations incurred in connection therewith;

(f) open and maintain bank accounts on behalf of, and in the name of, the Litigation Trust, and take all actions with respect to such bank accounts for the purposes of administering the Litigation Trust, including (but not limited to) drawing checks and drafts thereon on the sole signature of the Litigation Trustee, and terminating such accounts as the Litigation Trustee deems appropriate;

(g) liquidate and monetize the Trust Assets;

(h) execute any documents and substantive court filings, and take any other actions related to, or in connection with, the liquidation of the Trust Assets and the exercise of the Litigation Trustee's powers granted by the Plan and this Agreement, including, but not limited to, the exercise of the Debtor's or the Bankruptcy Estate's rights to conduct discovery and oral examination of any Person under Rule 2004 of the Federal Rules of Bankruptcy Procedure;

(i) solely in its capacity as the Litigation Trustee, hold legal title to any and all rights of the Litigation Trust Beneficiaries in or arising from the Trust Assets;

(j) protect and enforce the rights to the Trust Assets vested in the Litigation Trust by this Agreement by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(k) make distributions to the Litigation Trust Beneficiaries on account of their Litigation Trust Interests or such other distributions as may be authorized by order of the Bankruptcy Court, this Agreement, or the Plan;

(l) file, if necessary, any and all tax returns with respect to the Litigation Trust, pay taxes, if any, properly payable by the Litigation Trust, and make distributions net of such taxes;

(m) oversee compliance with the Litigation Trust's accounting, finance, and reporting obligations;

(n) make any and all necessary filings in accordance with any applicable law, statute, or regulation;

(o) determine and satisfy any and all uncontested liabilities created, incurred, or assumed by the Litigation Trust;

(p) pay any and all expenses and make all other payments in connection with the Litigation Trust without further order of the Bankruptcy Court;

(q) retain and pay, without application to the Bankruptcy Court or any other court of competent jurisdiction, professionals retained by the Litigation Trust, including any attorneys retained in connection with the pursuit or settlement of the Preserved Claims;

(r) maintain money received by the Litigation Trust or otherwise held by the Litigation Trust;

(s) in the event that the Litigation Trustee determines that the Litigation Trust Beneficiaries or the Litigation Trust may, will, or have become subject to adverse tax consequences, take such actions that will, or are reasonably intended to, alleviate such adverse tax consequences;

(t) execute and deliver all documents and take all actions that are not inconsistent with the provisions of the Plan, the Confirmation Order, and this Agreement that the Litigation Trustee reasonably deems necessary to consummate the Plan or desirable to further the purposes of the Litigation Trust;

(u) use, sell at public or private sale, assign, transfer, abandon or otherwise dispose of the Trust Assets or convert the same to cash without Bankruptcy Court approval, but consistent with the provisions herein; and

(v) exercise any and all other powers granted to the Litigation Trustee under the Plan or Confirmation Order.

Section 6.2  *Limitations on Litigation Trustee*. The Litigation Trustee shall not at any time, on behalf of the Litigation Trust or the Litigation Trust Beneficiaries, (i) enter into or engage in any trade or business, (ii) take any actions that are not related, directly or indirectly, to the purposes of this Agreement and the Litigation Trust or the administration or implementation of the terms hereof, or that would cause the Litigation Trust to be treated as other than a "liquidating trust" within the meaning of Section 301.7701-4(d) of the Treasury Regulations for federal income tax purposes, or (iii) other than as reasonably necessary to maintain the value of the Trust Assets and to further the liquidating purpose of the Litigation Trust, invest or cause to be invested any Trust Assets in assets other than "demand and time deposits" within the meaning of the Revenue Procedure.

Section 6.3  *Maintenance of Litigation Trust Monies*.  The Litigation Trustee shall maintain any funds held by the Litigation Trustee pending the distribution of such funds pursuant to this Agreement in an account maintained by a federally chartered financial institution.  The Litigation Trustee shall not commingle any of the Trust Assets with its own property or the property of any other Person.

Section 6.4  *Non-Cash Trust Assets*.  To the extent Trust Assets consist of property other than cash and Preserved Claims, the Litigation Trustee shall, as quickly as possible, reduce such Trust Assets to cash.  The Litigation Trustee shall determine the preferred timing of reducing such Trust Assets to cash.

Section 6.5    *Application of Trust Assets*.  The Litigation Trustee shall apply all proceeds of the Trust Assets as follows:

*First*: to pay, in full, all Litigation Trust Expenses;

*Second*: to pay Litigation Trust Beneficiaries on account of their Litigation Trust Interests their Pro Rata share of the Class 11 distributions in accordance with the Plan.

Section 6.6    *Distributions*.  The Litigation Trust shall, to the extent required to not adversely affect the status of the Litigation Trust as a liquidating trust within the meaning of Section 301.7701-4(d) of the Treasury Regulations for federal income tax purposes, distribute at least annually to the Litigation Trust Beneficiaries its net income plus all net proceeds from the monetization of Trust Assets, except that (i) the Litigation Trust may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Trust Assets or to meet claims and contingent liabilities, including without limitation establishing reserves to pay anticipated Litigation Trust Expenses; and (ii) the Litigation Trustee shall exercise its business judgment in determining whether sufficient proceeds are available for distribution to incur the costs of a distribution.  Upon the settlement, conclusion of litigation, or collection of proceeds of the Preserved Claims, the Litigation Trustee shall make a final distribution to Litigation Trust Beneficiaries on account of their Litigation Trust Interests in accordance with the terms of the Plan, Confirmation Order, and this Agreement.  Prior to making any distributions to the Litigation Trust Beneficiaries, the Litigation Trustee may retain such amounts (i) as are reasonably necessary to meet contingent liabilities and to maintain the value of the Trust Assets during the liquidation, (ii) to pay reasonable expenses (including, but not limited to, any taxes imposed on the Litigation Trust or in respect of the Trust Assets), and (iii) to satisfy other liabilities incurred by the Litigation Trust in accordance with the Plan and this Agreement.

Section 6.7    *Books and Records*.  The Litigation Trustee shall maintain, in respect of the Litigation Trust and the Litigation Trust Beneficiaries, books and records relating to the assets and the income of the Litigation Trust and the payment of expenses of the Litigation Trust, in accordance with, and for the purposes of complying with, the provisions of **Article VI** hereof.  Any books and records determined by the Litigation Trustee, in the Litigation Trustee's sole discretion, not to be reasonably necessary for administering the Litigation Trust or for the Litigation Trustee's compliance with this Agreement may, to the extent not prohibited by applicable law, be abandoned or destroyed.

Section 6.8    *Cash Payments*.  All payments required to be made by the Litigation Trustee under the Plan and this Agreement shall be made in cash and may be made by either check or wire transfer, at the sole discretion of the Litigation Trustee, and, if in check form, drawn on a domestic bank selected by the Litigation Trustee.

Section 6.9    *Settlement of Preserved Claims*.  The Litigation Trustee shall be authorized to settle any of the Preserved Claims without approval of the Bankruptcy Court; provided, however, the Litigation Trustee may seek approval of the Bankruptcy Court with respect to any settlement as he deems advisable in his sole discretion.

Section 6.10    *Information Audible*.  The Litigation Trustee shall provide readily and publicly available information to any Litigation Trust Beneficiary requesting such information

10

within twenty (20) days of the Litigation Trustee's receipt of a written request by a Litigation Trust Beneficiary.

## ARTICLE VII
## THIRD PARTY RIGHTS AND LIMITATIONS OF LIABILITY

Section 7.1    *Parties Dealing with the Litigation Trustee*.  In the absence of actual knowledge to the contrary, any Person dealing with the Litigation Trust or the Litigation Trustee shall be entitled to rely on the authority of the Litigation Trustee or any of the Litigation Trustee's agents to act in connection with the Trust Assets.  There is no obligation of any Person dealing with the Litigation Trustee to inquire into the validity or expediency or propriety of any transaction by the Litigation Trustee or any agent of the Litigation Trustee.

Section 7.2    *Limitation of Liability*.  In exercising the rights granted herein, the Litigation Trustee shall exercise the Litigation Trustee's best judgment, to the end that the affairs of the Litigation Trust shall be properly managed and the interests of all of the Litigation Trust Beneficiaries safeguarded.  However, notwithstanding anything herein to the contrary, neither the Litigation Trustee, nor his firms, companies, affiliates, partners, officers, directors, members, employees, disbursing agents, or duly designated agents or representatives, nor any of such Person's successors and assigns, shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with this Agreement or the Plan, whether sounding in tort, contract, or otherwise, except for fraud, gross negligence, intentional misconduct or willful misconduct that is found by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to be the direct and primary cause of loss, liability, damage, or expense suffered by the Trust.

Section 7.3    *No Liability for Acts of Other Persons*.  None of the Persons identified in the immediately preceding **Section 7.2** shall be liable for the act or omission of any other Person identified in that section.

Section 7.4    *No Liability for Acts of Predecessors*.  No successor Litigation Trustee shall be in any way responsible for the acts or omissions of any Litigation Trustee in office prior to the date on which such successor becomes the Litigation Trustee, unless a successor Litigation Trustee expressly assumes such responsibility.

Section 7.5    *No Liability for Good Faith Error of Judgment*.  The Litigation Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a final judgment of a court of competent jurisdiction (not subject to further appeal or review) that the Litigation Trustee, was grossly negligent in ascertaining the pertinent facts.

Section 7.6    *Reliance by Litigation Trustee on Documents and Advice of Counsel or Other Persons*.  Except as otherwise provided herein, the Litigation Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document believed by the Litigation Trustee, to be genuine and to have been signed or presented by the proper party or parties.  The Litigation Trustee also may engage and consult with its legal counsel and other agents and advisors, and the Litigation Trustee shall not be liable for any action taken, omitted, or suffered in reliance upon the advice of

such counsel, agents, or advisors regardless of whether such advice or opinions are provided in writing.

Section 7.7   *No Liability for Acts Approved by Bankruptcy Court*.   The Litigation Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Trust Assets and the Preserved Claims required to be administered by the Litigation Trust.  The Litigation Trustee shall not be liable for any act that has been approved by the Bankruptcy Court, and all such actions shall be deemed not to constitute fraud, gross negligence, intentional misconduct or willful misconduct.

Section 7.8   *No Personal Obligation for Trust Liabilities*.  Persons dealing with the Litigation Trustee shall have recourse only to the Trust Assets to satisfy any liability incurred by the Litigation Trustee to any such Person in carrying out the terms of this Agreement, and the Litigation Trustee shall have no personal, individual obligation to satisfy any such liability.

Section 7.9   *Indemnification*.   The Indemnified Parties shall, to the fullest extent permitted by applicable law, be defended, held harmless, and indemnified by the Litigation Trust from time to time and receive reimbursement from and against any and all liabilities, losses, claims, costs, expenses, or damages of any kind, type or nature, whether sounding in tort, contract, or otherwise, that the Indemnified Parties may incur or to which such parties may become subject in connection with any action, suit, proceeding or investigation brought by or threatened against such parties arising out of or due to their acts or omissions, or consequences of such acts or omissions, with respect to the implementation or administration of the Litigation Trust or the Plan or the discharge of their duties under the Plan or this Agreement, including, without limitation, the costs of counsel or others in investigating, preparing, defending, or settling any action or claim (whether or not litigation has been initiated against the Indemnified Party) or in enforcing this Agreement (including its indemnification provisions), except if such loss, liability, expense, or damage is finally determined by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to result directly and primarily from the fraud, gross negligence, intentional misconduct or willful misconduct of the Indemnified Party asserting this provision.  If any Indemnified Party becomes involved in any action, proceeding, or investigation in connection with any matter arising out of or in connection with the Plan, this Agreement, or the affairs of the Litigation Trust, for which an indemnification obligation could arise, such Indemnified Party shall promptly notify the Litigation Trustee.

## ARTICLE VIII
## LITIGATION TRUSTEE AND SUCCESSORS

Section 8.1   *Resignation or Removal*.   The Litigation Trustee may resign and be discharged by giving at least 60 days' prior written notice thereof to the Litigation Trust Beneficiaries and the Litigation Trustee's filing of a Notice of Resignation with the Bankruptcy Court.  Such resignation shall become effective on the later to occur of (i) the date specified in such written notice and (ii) the effective date of the appointment of a successor Litigation Trustee in accordance with **Section 8.3** hereof and such successor's acceptance of such appointment.

Section 8.2   *Removal*.   After the payment of all outstanding reasonable and documented fees and expenses of the Litigation Trustee through such date, the Litigation Trustee may be removed, with cause, by application of a Litigation Trust Beneficiary with the Bankruptcy Court

after notice and hearing. The Bankruptcy Court will remove the Litigation Trustee only upon good cause shown for such removal. Such removal shall become effective on the effective date of the appointment of a successor Litigation Trustee in accordance with **Section 8.3** and such successor's acceptance of such appointment.

Section 8.3  *Appointment of Successor*. In the event of the Litigation Trustee's death, incapacitation, resignation or removal, his successor shall be appointed by the Bankruptcy Court after notice to the Debtor and the Litigation Trust Beneficiaries and hearing.

Section 8.4  *Acceptance of Appointment by Successor Litigation Trustee*. The death, incapacitation, resignation, or removal of the Litigation Trustee shall not operate to terminate the Litigation Trust created by this Agreement or to revoke any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Litigation Trustee. Any successor Litigation Trustee appointed hereunder shall execute an instrument accepting such successor Litigation Trustee's appointment and shall deliver one counterpart thereof to the Bankruptcy Court for filing, and, in case of the Litigation Trustee's resignation or removal, to the retiring Litigation Trustee. Thereupon, such successor Litigation Trustee shall, without any further act, become vested with all the liabilities, duties, powers, rights, title, discretion, and privileges of the predecessor Litigation Trustee in the Litigation Trust with like effect as if originally named Litigation Trustee and shall be deemed appointed pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code to liquidate, monetize, and distribute the Trust Assets for the benefit of the Litigation Trust Beneficiaries.

## ARTICLE IX
## MISCELLANEOUS PROVISIONS

Section 10.1  *Mobley's Further Assurances*. Mobley will, at the cost and expense of the Litigation Trust, take such actions and execute such documents as are reasonably requested by the Litigation Trustee to implement the provisions of this Agreement including, without limitation, cooperating with the Litigation Trustee's reasonable requests for books, records, and both written and oral information but excluding any obligation to assist, participate, or otherwise be involved in investigating, preparing, or pursuing any Preserved Claim.

Section 10.2  *Construction*. This Agreement and the Litigation Trust created hereby shall be governed by and construed in accordance with the laws of the State of Texas without giving effect to choice of law principles. The Litigation Trustee's interpretation of the provisions of this Agreement and the provisions of the Plan shall be deemed conclusive in the absence of a contrary interpretation of a court of competent jurisdiction.

Section 10.3  *Jurisdiction*. The parties agree that the Bankruptcy Court shall have exclusive jurisdiction to determine all controversies and disputes arising under or in connection with this Agreement.

Section 10.4  *Severability*. In the event any provision of this Agreement shall be determined by Final Order of a court of proper jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

Section 10.5   *Notices*.  Any notice, consent, approval or other communication required or permitted to be given in accordance with this Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally or by facsimile or mailed by first class mail to the following address (it being understood that any party may change its address by similar written notice to the other party):

(i)   if to the Trustee:

Jourdain Poupore
POUPORE LAW FIRM PLLC
3233 W. Dallas St., Ste. 313
Houston, TX 77019
Email: jourdain@poupore.law

(ii)   if to Mobley:

c/o Stephen W. Sather
BARRON & NEWBURGER, P.C.
7320 N. Mopac Expressway, Ste. 400
Austin, TX 78731
Email: ssather@bn-lawyers.com

Section 10.6   *Entire Agreement*.  This Agreement (including the recitals hereof and, to the extent applicable, the Plan, and the Confirmation Order) constitutes the entire agreement by and among the parties with respect to the subject matter hereof, and there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan, and in the Confirmation Order.  This Agreement (together with the Plan and the Confirmation Order) supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, if any, of the parties hereto relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein, nothing in this Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto and the Litigation Trust Beneficiaries any rights or remedies under or by reason of this Agreement.  This Agreement shall be binding on the parties hereto and their successors.

Section 10.7   *Relationship Created*.  Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership, or joint venture of any kind.

Section 10.8   *Amendment*.  This Agreement may from time to time be amended, supplemented, or modified by the Trustee with the approval of the Bankruptcy Court, provided that Mobley has been provided with reasonable notice of any proposed amendment to their rights or obligations under this Agreement, together with copies of any Bankruptcy Court correspondence, filings or applications in relation to any such amendment.

Section 10.9   *Headings*.  The headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

Section 10.10  *Counterparts*.  This Agreement may be executed in facsimile and in any number of counterparts, each of which shall be an original, but such counterparts shall together constitute but one and the same instrument.

Section 10.11  *No Bond*.  The Litigation Trustee shall serve without a bond.

Section 10.12  *Relationship to the Plan*.  The principal purpose of this Agreement is to aid in the implementation of the Plan and therefore this Agreement incorporates the provisions of the Plan and the Confirmation Order.  To that end, the Litigation Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan and the Confirmation Order, and to seek any orders from the Bankruptcy Court in furtherance of the implementation of the Plan and this Agreement.  If any provisions of this Agreement are found to be inconsistent with provisions of the Plan, the provisions of the Plan shall control, and the provisions of the Confirmation Order shall control over any inconsistent provision in the Plan.

Section 10.13  *Effective Date*.  This Agreement shall become effective as of the date it is signed by the Litigation Trustee.

IN WITNESS WHEREOF, the undersigned have caused this instrument to be executed as of the date written below.

**David Michael Mobley, individually as Debtor and as representative of the David Michael Mobley Bankruptcy Estate**

By: _____
    David Michael Mobley

Date: _____

**Litigation Trustee**

By: _____
    Jourdain Poupore

**Effective Date:** _____