IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 22-60004 |
| DAVID MICHAEL MOBLEY | § | Chapter 11 |
| *Debtor* | § | |

**QUALITY'S EMERGENCY MOTION REQUESTING CONDITIONAL APPROVAL OF THE LITIGATION TRUSTEE, AND IN THE ALTERNATIVE, FOR LEAVE TO FILE SUIT ON BEHALF OF THE BANKRUPTCY ESTATE**

*************************************************************************

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOUJLD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING, UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**DATE BY WHICH EMERGENCY RELIEF IS NEEDED: Movant requests that the Court schedule a hearing to consider the emergency relief on or before January 3, 2024.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
*************************************************************************

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

Quality Lease and Rental Holdings, LLC ("Quality"), a creditor and party-in-interest, hereby files this Emergency Motion Requesting Conditional Approval of the Litigation Trustee, and, in the Alternative, for Leave to File Suit on Behalf of the Bankruptcy Estate (the "Motion").

Background

1. The Debtor filed this case on January 21, 2022.

2. The Debtor filed his Amended Plan of Reorganization dated October 18, 2023, on December 7, 2023 (the "Plan"). Dkt. 227.

3. The Court has scheduled the Confirmation hearing for February 20, 2024. Dkt. 233.

4. In large part, the financial provisions of the Plan are derived from the provisions of the Settlement Agreement reach by the Debtor and Quality (and certain of Quality's affiliates; such affiliates and Quality are hereafter referred to as the "Quality Parties"), which Settlement Agreement was approved by the Court on January 6, 2023 (Dkt. 164) (the "Settlement Agreement").

5. Per the Settlement Agreement and as provided in the Plan, the Quality Parties hold an allowed unsecured claim in the amount of $40,000,000.

6. Also, per the Settlement Agreement, the Court ordered the appointment of an examiner by order dated January 27, 2023 (Dkt. 175), for the purposes of identifying reserved claims under the Plan.  The Examiner's Report was issued on May 30, 2023 (Dkt. 193), and a copy of it is attached to and incorporated into the Plan.

7. The Plan provides for the appointment of a Litigation Trustee for the purpose of prosecuting preserved claims held by the estate for the benefit of unsecured creditors.  See Section 7.01 of the Plan.  The Plan requests the Court to approve Jourdain Poupore as the Litigation Trustee and the Litigation Trust Agreement, which is Exhibit C to the Plan.  See Dkt. 227.

Relief Requested

8. Quality seeks to obtain the Court's conditional approval of the Litigation Trust Agreement and appointment of Jourdain Poupore as the Litigation Trustee pursuant to Sections 105 and 1109(b) of the Bankruptcy Code to file and prosecute on behalf of the bankruptcy estate

claims that are identified in the Examiner's Report to the extent such claims may be prosecuted under Section 544, 545, 547, 548, or 553 of the Bankruptcy Code.

9. Section 546(a) of the Bankruptcy Code provides, in relevant part:

> An action or proceeding under Section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of – (i) the later of – (A) 2 years after the entry of the order for relief.

Unfortunately, the plan confirmation hearing date is scheduled for February 20, 2024, which is more than 2 years after the entry of the order for relief in this case (i.e., January 21, 2022). Thus, if potential avoidance actions are not filed on or before January 21, 2024, the estate and its unsecured creditors could be severely prejudiced by potential statute of limitations defenses raised by defendants.

10. In order to avoid such an outcome, Quality seeks conditional approval of the Litigation Trust Agreement and the appointment of Jourdain Poupore as the Litigation Trustee so that causes of action based on claims preserved under the Plan may be initiated before January 21, 2024.

11. Alternatively, Quality seeks authority to pursue preserved claims on behalf of the bankruptcy estate until such time as the Litigation Trustee may be appointed and assume the obligation of prosecuting such claims on behalf of the bankruptcy estate and the unsecured creditors.

12. A creditor has derivative standing to file suit on behalf of the bankruptcy estate upon bankruptcy court order where (i) the claim is colorable, (ii) the intervention is brought on behalf of the estate, and (iii) the debtor-in-possession has unjustifiably refused to bring the suit or abused its discretion in not suing. *Louisiana World Exposition v. Federal insurance Company*, 858 F.2d 233, 247 (5th Cir. 1988).

13. All three of the *Louisiana World* requirements are present herein. The Examiner's Report demonstrates that the claims discussed therein are at least colorable. The authority sought is to bring suit on behalf of the bankruptcy estate. Lastly, the Debtor has already refused to bring the preserved claims, which is why the Settlement Agreement included the Litigation Trust concept for the benefit of all unsecured creditors. Per the Settlement Agreement, which is incorporated into the Plan, the Debtor agreed to cede to the Litigation Trustee the right and authority to pursue the preserved claims on behalf of the bankruptcy estate and unsecured creditors.

<u>The Debtor Does Not Object to the Relief Sought</u>

14. The Debtor has communicated to undersigned counsel that he does not object to the relief sough herein.

<u>Conclusion</u>

15. The relief sought in this Motion is for the benefit of all unsecured creditors who are the beneficiaries of the Litigation Trust to be established in the Plan and as agreed in the Settlement Agreement approved by the Court. Under Section 105 of the Bankruptcy Code and the holding in *Louisiana World*, this Court has the power and authority to approve the relief sought by this motion. Quality believes it is in the best interests of the estate and its unsecured creditors for the Court to approve on a conditional basis the proposed Trust Agreement and the appointment of Jourdain Poupore as the Litigation Trustee. Alternatively, Quality requests that it be authorized to initiate and prosecute preserved claims until the Plan is confirmed and the Litigation Trust Agreement and the appointment of Jourdain Poupore are approved.

Quality respectfully requests that the Court consider this matter on an emergency basis and grant the relief requested herein and grant such additional relief as the Court may determine is appropriate under the circumstances.

Respectfully submitted,

*/s/ Walter J. Cicack*
WALTER J. CICACK
State Bar No. 04250535
wcicack@hcgllp.com
HAWASH CICACK & GASTON LLP
711 W. Alabama St., Suite 200
Houston, Texas 77006
(713) 658-9015 - tel/fax
***Attorneys for Quality Lease and Rental Holdings, LLC***

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing has been served by electronic means via ECF transmission to all PACER system participants in this bankruptcy case on December 19, 2023, and the following parties:

| | |
|---|---|
| REB TX EC Ventures, LLC<br>c/o Richard E. Borstmayer<br>82 N. Windsail Place<br>The Woodlands, TX 77381 | Solid Liberty Resources, LLC<br>PO Box 1016<br>El Campo, TX 77437 |
| Palms Tan N Tone, LLC<br>PO Box 1639<br>El Campo, TX 77437 | Solid Liberty Rental Services, LLC<br>PO Box 1016<br>El Campo, TX 77437 |
| Palms Tan N Tone, LLC<br>PO Box 1215<br>El Campo, TX 77437 | Solid Liberty Safety Services, LLC<br>PO Box 1016<br>El Campo, TX 77437 |

*/s/ Walter J. Cicack*
Walter J. Cicack