IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | **CHAPTER 11** |
| | § | |
| DAVID MICHAEL MOBLEY | § | **CASE NO. 22-60004** |
| *Debtor* | § | |
| | § | |
| JOURDAIN POUPORE, LITIGATION TRUSTEE FOR THE MOBLEY LITIGATION TRUST | § § § § | |
| *Plaintiff* | § | |
| | § | **ADVERSARY NO. _____** |
| v. | § | |
| | § | |
| REB TX EC VENTURES, LLC AND RICHARD E. BORSTMAYER | § § | |
| *Defendants* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jourdain Poupore, Litigation Trustee for the Mobley Litigation Trust, files this Original Complaint on behalf of the Mobley Litigation Trust and the bankruptcy estate against Defendants REB TX EC Ventures, LLC and Richard E. Borstmayer to avoid and recover fraudulent and/or preferential transfers, pursuant to 11 U.S.C. §§ 547, 548, and 549, and the Texas Uniform Fraudulent Transfer Act.

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The Litigation Trustee consents to the entry of final orders or judgment by this Court in this adversary proceeding, regardless of whether it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), and (H).

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## PARTIES

4. Plaintiff Jourdain Poupore, Litigation Trustee for the Mobley Litigation Trust, brings this adversary proceeding on behalf of the Mobley Litigation Trust and the Chapter 11 bankruptcy estate being administered under Case No. 22-60004, *In re David Michael Mobley*, in the United States Bankruptcy Court for the Southern District of Texas.

5. Defendant REB TX EC Ventures, LLC is a Texas limited liability company with its principal place of business and registered office in Montgomery County, Texas. It may be served with process by serving its member-manager and registered agent, Richard E. Borstmayer, at 244 West Shore Lane, Montgomery, Texas 77356.

6. Defendant Richard E. Borstmayer is an individual residing in Montgomery County, Texas. He may be served with process at 244 West Shore Lane, Montgomery, Texas 77356, or wherever he may be found.

## PROCEDURAL HISTORY

7. On January 21, 2022, David Michael Mobley (the "Debtor") filed a voluntary Chapter 11 petition for reorganization under Subchapter V of the Bankruptcy Code. Debtor resides in Wharton County, Texas, and provides support to oil and gas companies by buying and selling equipment through Debtor's company, Texas Quality Mats, LLC. In bankruptcy, Debtor continues to operate his business and manage his assets as debtor-in-possession.

8. On June 1, 2022, the bankruptcy court sustained objections to the Debtor's Subchapter V designation and ordered the Chapter 11 reorganization proceed as a non-Subchapter V case. (Doc. 104).

9. On January 6, 2023, the bankruptcy court approved the mediated settlement and term sheet (the "Settlement") between Debtor and creditor Quality Lease and Rental Holdings, LLC and its affiliates. (Doc. 164).

10. Per the terms of the Settlement, on January 27, 2023, the bankruptcy court ordered the appointment of an examiner for purposes of investigating potential claims, causes of action, and/or fraudulent transfers belonging to the Chapter 11 estate. (Doc. 175).

11. On May 30, 2023, examiner Drew McManigle filed his report, identifying multiple claims and fraudulent conveyances. (Doc. 193).

12. On December 7, 2023, Debtor filed his Amended Plan of Reorganization (the "Plan") which incorporates provisions of the court-approved Settlement. (Doc. 227). In particular, the Settlement and Plan provide for the appointment of a litigation trustee to prosecute preserved claims held by the estate for the benefit of unsured creditors.

13. On January 8, 2024, the bankruptcy court appointed Jourdain Poupore as the litigation trustee and authorized him to file and prosecute claims on behalf of the estate. (Doc. 239).

14. Now, Plaintiff brings this adversary proceeding against Defendants to avoid and recover the fraudulent and/or preferential transfers identified and discussed at paragraphs 17 through 28 of the Examiner's Report of Drew McManigle. (Doc. 193).

**FACTUAL BACKGROUND**

15. Defendant Richard Borstmayer and Debtor David Michael Mobley have been friends for 20 years.

16. In 2012, the Debtor purchased 19.457 acres of improved real estate from the Board of Trustees of the El Campo Independent School District, located at 1401 Martin Luther King Blvd., El Campo, Texas 77437 (the "Property"). Formerly the site of the El Campo Middle School,

3

the Debtor renovated the Property's existing structures and facilities for mixed commercial use. Debtor primarily leased the Property's various facilities to numerous small businesses and retailers.

17. On April 17, 2019, the Debtor pledged the Property as collateral to secure a loan from ILS Lending LLC in the principal amount of $625,000.00, subject to a promissory note and deed of trust (the "Note"). Debtor later defaulted on the Note by failing to make payments, subjecting the Property to possible foreclosure.

18. To avoid losing the Property in foreclosure, the Debtor reached out to his friend Borstmayer to inquire whether he would purchase the Note from the loan servicer and stop the foreclosure.

19. On August 24, 2020, Borstmayer and his spouse, Jennifer Borstmayer, formed Defendant REB TX EC Ventures, LLC ("REB TX"), a Texas limited liability company. Borstmayer and his spouse are the only members of REB TX.

20. On September 14, 2020, REB TX acquired the Note and the lien in the Property[1] from the original lender ILS Lending LLC, pursuant to the Transfer and Assignment of Lien recorded in the property records of Wharton County. The unpaid balance of the Note at the time it was acquired by REB TX has not been disclosed.

21. On July 6, 2021, along with the Debtor and his spouse, Borstmayer personally co-signed a bank loan in the amount of $2,197,400.00, enabling the Debtor to purchase the 77-acre property in Fulshear, Texas, where he currently resides.

---

[1] For 2020, the Wharton County Central Appraisal District assessed the total value of the Property's 16 lots at $3,308,646.00.

22. As of 2021, the Wharton County Central Appraisal District assessed the value of the Property at $4,084,374.00.

23. On January 21, 2022, while owing tens of millions of dollars to unsecured creditors, the Debtor transferred his interest in the Property to REB TX. Before filing his bankruptcy petition that same day, the Debtor executed and recorded a warranty deed in lieu of foreclosure in favor of REB TX. The deed conveyed title to REB TX and expressly provided that the Note and related deed of trust held by REB TX were not released. The deed does not recite any other consideration given by REB TX in exchange for title to the Property.

24. The Debtor's voluntary petition did not mention REB TX or identify it as a creditor of the bankruptcy estate.

25. In initial bankruptcy schedules filed on February 4, 2022, the Debtor represented that he transferred the Property to REB TX in exchange for debt forgiveness from REB TX in the amount of $850,000.00—with the Debtor stating that he believed the Property was overvalued by the Wharton County Central Appraisal District. (Doc. at p. 60).

26. On March 25, 2022, the Debtor filed amended schedules in connection with the pre-petition conveyance of the Property and increased the stated amount of debt forgiveness he received from REB TX to $1,250,000.00. (Doc. 51 at p. 18). However, the Debtor did not schedule either REB TX or Borstmayer as creditors of the estate, and neither filed a proof of claim in bankruptcy. Debtor has not provided details or documentation to substantiate the amount of pre-petition debt he owed to REB TX or the alleged amount of debt forgiveness received in exchange for the Property.

27. The Debtor's amended schedules show total assets of $3,178,582.09 and total liabilities of $76,192,621.10, including general unsecured claims of $69,377,229.56.

28. By his own admission, the Debtor was insolvent when he conveyed the Property to REB TX. During examination under oath, the Debtor explained his reasoning for transferring the Property to his friend Borstmayer's company: "Hey, if I'm going to have to give some stuff away, I'd rather give it to somebody I know."

29. In bankruptcy, the Debtor's hand-picked appraiser opined that the "as is" market value of the Property was $2,876,000.00 as of January 21, 2022, the date the Debtor conveyed it to REB TX.

30. In summary, the Debtor's pre-petition conveyance of the Property to REB TX on the eve of bankruptcy constitutes a fraudulent and preferential transfer in violation of 11 U.S.C. §§ 547(b) and 548.

### CAUSES OF ACTION

31. Every paragraph below is cumulative of each and every paragraph preceding it.

**I.    Fraudulent Transfer from Debtor to REB TX**

32. Plaintiff seeks to avoid the Debtor's fraudulent transfer to REB TX under both the Bankruptcy Code and applicable state law, including the Texas Uniform Fraudulent Transfer Act.

33. On January 21, 2022, the Debtor made a transfer of an interest in real property to or for the benefit of REB TX, namely fee simple title to 19.457 acres located at 1401 Martin Luther King Blvd., El Campo, Texas 77437.

34. At the time of the transfer, REB TX was a creditor of the Debtor on account of an antecedent debt.

35. Debtor was insolvent at the time of the transfer to REB TX.

36. The transferred property was a substantial portion of the Debtor's assets and the Debtor did not reasonably believe that he would be able to pay his debts as they came due after transferring the property.

37. Debtor transferred the property to REB TX without receiving reasonably equivalent value.

38. Debtor transferred the property to REB TX with actual intent to hinder, delay, or defraud his creditors.

39. The transfer of the Debtor's property to REB TX is avoidable as a fraudulent transfer. *See* 11 U.S.C. §§ 544 and 548; Tex. Bus. & Com. Code § 24.008(b).

40. Plaintiff is entitled to recover the Property or the value of the transferred property from the initial transferee (REB TX), the entity for whose benefit the transfer was made, or any immediate or mediate transferee of the initial transferee. *See* 11 U.S.C. § 550.

## II. Conspiracy

41. Defendants engaged in a civil conspiracy with Debtor to fraudulently transfer the Debtor's property and to hinder, delay, or defraud his creditors.

42. Defendants constituted a combination of two or more persons whose objective was to accomplish an unlawful purpose by fraudulently transferring the Debtor's property to REB TX without an exchange of reasonably equivalent value and to hinder, delay, and/or defraud the Debtor's creditors.

43. Defendants had a meeting of the minds on their objection and took a course of action to achieve their objective; and at least one of the Defendants committed an unlawful, overt act to further the objective and course of action.

44. The Defendants' conspiracy is the proximate cause of the Plaintiff's damages.

## III. Preferential Transfer from Debtor to REB TX

45. Pleading in the alternative, on January 21, 2022, the day he filed his bankruptcy petition, Debtor made a transfer of an interest in real property to or for the benefit of REB TX,

namely fee simple title to 19.457 acres located at 1401 Martin Luther King Blvd., El Campo, Texas 77437.

46. At the time of the transfer, REB TX was a creditor of the Debtor on account of an antecedent debt.

47. Debtor was insolvent at the time of the transfer to REB TX and is presumed to have been insolvent under 11 U.S.C. § 547(f).

48. The preferential transfer by Debtor enabled REB TX to receive more than it would have received if (i) the Debtor's bankruptcy case was administered as a Chapter 7 liquidation, (ii) the preferential transfer had not been made, and (iii) REB TX received payment to the extent allowed by the Bankruptcy Code.

49. The transfer of the Debtor's property to REB TX is avoidable as a preferential transfer. *See* 11 U.S.C. § 547(b).

50. Therefore, Plaintiff is entitled to recover the Property or the value of the transferred property from the initial transferee (REB TX), the entity for whose benefit the transfer was made, or any immediate or mediate transferee of the initial transferee. *See* 11 U.S.C. § 550.

### IV. Post-Petition Foreclosure & Transfer to REB TX

51. Pleading in the alternative, pursuant to 11 U.S.C. § 549, Plaintiff seeks to avoid any post-petition transfer of the Property to REB TX to the extent Defendants contend that the Debtor's deed in lieu of foreclosure was not an effective pre-petition transfer of the Property to REB TX and/or that the transfer occurred through a post-petition foreclosure and transfer of the Property.

52. On or about March 1, 2022, REB TX conducted a non-judicial foreclosure on the Property under REB TX's deed of trust against the Property, which REB TX had previously acquired from ILS Lending LLC subject to the Note.

53. That same day, the substitute trustee for the deed of trust recorded a deed transferring title to the Property from the Debtor to REB TX. The deed recites that REB TX purchased the Property for an undisclosed amount of cash at a public auction held on March 1, 2022. The deed also provides that the foreclosure occurred to obtain payment on the Note after the Debtor defaulted.

54. The foreclosure and resulting deed to REB TX may constitute an unauthorized and avoidable post-petition transfer of property belonging to the bankruptcy estate in violation of the automatic stay. 11 U.S.C. § 549(a). To the extent Defendants contend that the pre-petition deed in lieu of foreclosure was ineffective to transfer the Property to REB TX, the post-petition transfer via foreclosure is likely void and the Property continues to belong to the bankruptcy estate.

55. Therefore, Plaintiff is entitled to recover the Property or the value of the transferred property from the initial transferee (REB TX), the entity for whose benefit the transfer was made, or any immediate or mediate transferee of the initial transferee. *See* 11 U.S.C. § 550.

56. Plaintiff is entitled to recover punitive damages, attorneys' fees, and costs to the extent that Defendants willfully violated the automatic stay. 11 U.S.C. § 362(k)(1).

## ATTORNEYS' FEES

57. Plaintiff may recover attorneys' fees under section 24.013 of the Texas Uniform Fraudulent Transfer Act. Tex. Bus. & Com. Code § 24.013.

## PRAYER

Plaintiff prays that the Court enter judgment against Defendants (i) avoiding and recovering the fraudulent and/or preferential transfers described above for the benefit of the bankruptcy estate and/or the Mobley Litigation Trust; (ii) ordering Defendants to pay Plaintiff an amount to be determined at trial for the value of the fraudulent and/or preferential transfers, plus interest, attorneys' fees, and costs, pursuant to 11 U.S.C. § 550(a); and (iii) granting all other relief

to which Plaintiff is entitled.

                                        Respectfully submitted,

**POUPORE LAW FIRM PLLC**

*/s/ Jourdain Poupore*
Jourdain Poupore
Texas Bar No. 24094901
Federal Bar No. 2717697
3233 W. Dallas St., Suite 313
Houston, Texas 77019
Tel: 713-922-1655
service@poupore.law

**HAWASH CICACK & GASTON LLP**

*/s/ Walter J. Cicack*
Walter J. Cicack
Texas Bar No. 04250535
711 W. Alabama St., Suite 200
Houston, Texas 77006
Tel: 713-658-9015
wcicack@hcgllp.com

***Attorneys for Litigation Trustee***

10

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been served on January 19, 2024, via ECF to all other parties requesting notice.

                  */s/ Jourdain Poupore*
                  Jourdain Poupore