IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| DAVID MICHAEL MOBLEY | § | CASE NO. 22-60004 |
| *Debtor* | § | |
| | § | |
| JOURDAIN POUPORE, LITIGATION TRUSTEE FOR THE MOBLEY LITIGATION TRUST | § § § § | |
| *Plaintiff* | § | ADVERSARY NO. _____ |
| | § | |
| v. | § | |
| | § | |
| SOLID LIBERTY RESOURCES, LLC, et al. | § | |
| *Defendants* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jourdain Poupore, Litigation Trustee for the Mobley Litigation Trust, files this Original Complaint on behalf of the Mobley Litigation Trust and the bankruptcy estate against Defendants Solid Liberty Resources, LLC, Solid Liberty Rental Services, LLC, and Solid Liberty Safety Services, LLC to avoid and recover fraudulent conveyances, pursuant to 11 U.S.C. §§ 548 and 549 and the Texas Uniform Fraudulent Transfer Act.

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The Litigation Trustee consents to the entry of final orders or judgment by this Court in this adversary proceeding, regardless of whether it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (H).

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## PARTIES

4. Plaintiff Jourdain Poupore, Litigation Trustee for the Mobley Litigation Trust, brings this adversary proceeding on behalf of the Mobley Litigation Trust and the Chapter 11 bankruptcy estate being administered under Case No. 22-60004, *In re David Michael Mobley*, in the United States Bankruptcy Court for the Southern District of Texas.

5. Defendant Solid Liberty Resources, LLC is a Texas limited liability company with its principal place of business and registered office in Wharton County, Texas. It may be served with process by serving its member-manager and registered agent, David R. Mobley, at 1401 MLK, El Campo, Texas 77437.

6. Defendant Solid Liberty Rental Services, LLC is a Texas limited liability company with its principal place of business and registered office in Wharton County, Texas. It may be served with process by serving its member-manager and registered agent, David R. Mobley, at 612 South Meadow Lane, El Campo, Texas 77437.

7. Defendant Solid Liberty Safety Services, LLC is a Texas limited liability company with its principal place of business and registered office in Wharton County, Texas. It may be served with process by serving its member-manager and registered agent, David R. Mobley, at 1401 MLK, El Campo, Texas 77437.

## PROCEDURAL HISTORY

8. On January 21, 2022, David Michael Mobley (the "Debtor") filed a voluntary Chapter 11 petition for reorganization under Subchapter V of the Bankruptcy Code. Debtor resides in Wharton County, Texas, and provides support to oil and gas companies by buying and selling equipment through Debtor's company, Texas Quality Mats, LLC. In bankruptcy, Debtor continues to operate his business and manage his assets as debtor-in-possession.

9. On June 1, 2022, the bankruptcy court sustained objections to the Debtor's Subchapter V designation and ordered the Chapter 11 reorganization proceed as a non-Subchapter V case. (Doc. 104).

10. On January 6, 2023, the bankruptcy court approved the mediated settlement and term sheet (the "Settlement") between Debtor and creditor Quality Lease and Rental Holdings, LLC and its affiliates. (Doc. 164).

11. Per the terms of the Settlement, on January 27, 2023, the bankruptcy court ordered the appointment of an examiner for purposes of investigating potential claims, causes of action, and/or fraudulent transfers belonging to the Chapter 11 estate. (Doc. 175).

12. On May 30, 2023, examiner Drew McManigle filed his report, identifying multiple claims and fraudulent conveyances. (Doc. 193).

13. On December 7, 2023, Debtor filed his Amended Plan of Reorganization (the "Plan") which incorporates provisions of the court-approved Settlement. (Doc. 227). In particular, the Settlement and Plan provide for the appointment of a litigation trustee to prosecute preserved claims held by the estate for the benefit of unsured creditors.

14. On January 8, 2024, the bankruptcy court appointed Jourdain Poupore as the litigation trustee and authorized him to file and prosecute claims on behalf of the estate. (Doc. 239).

15. Now, Plaintiff brings this adversary proceeding against Defendants to avoid and recover certain fraudulent conveyances and loss of rents identified in the Examiner's Report of Drew McManigle. (Doc. 193).

**FACTUAL BACKGROUND**

16. Debtor David Mobley is the owner of 20.68 acres of improved real estate located at 480 County Road 355, El Campo, Texas 77437 (the "Yard Property"), where Debtor maintains

3

his offices and operates his business.[1] In addition to being the site of a gravel yard and retention pond, the Yard Property contains approximately 189,000 sq. ft. of structures and buildings which are primarily used to house and maintain rental equipment.

17. As of 2022, the Wharton County Central Appraisal District assessed the value of the Yard Property at $2,075,305.00.

18. For the last several years, Debtor has allowed his two adult children, David R. Mobley and Cody Mobley, and their three equipment rental companies, Defendants Solid Liberty Resources, LLC, Solid Liberty Rental Services, LLC, and Solid Liberty Safety Services, LLC, to use the Yard Property and its facilities for their respective businesses without paying rent.

19. According to Debtor, he does not have lease agreements with his children's companies for their use of the Yard Property. In his bankruptcy schedules, Debtor has not disclosed the existence of any lease agreements with his children's companies.

20. However, Debtor represents that his children's companies have paid some portion of the Yard Property's property taxes in the past. But it is unknown the exact amount of taxes, if any, that were paid by any one of his children's companies.

21. Upon information and belief, Solid Liberty Resources, LLC, Solid Liberty Rental Services, LLC, and Solid Liberty Safety Services, LLC (collectively, "Defendants") have continued to operate their respective businesses at the Yard Property during the pendency of the Debtor's bankruptcy without paying fair market value for rent and/or adequate consideration.

22. The Defendants' failure to pay rent for their use of the Yard Property contributed to and/or worsened the Debtor's insolvency.

---

[1] Under the Debtor's current proposed plan of reorganization, Debtor has agreed to pledge the Yard Property as security for a payment from his company in the amount of $1,600,000.00. (Doc. 227 at 24). To secure said payment, Debtor will grant a lien to the Litigation Trustee on the Yard Property in the amount of $1,000,000.00. (*Id.*).

23. In summary, the Debtor's loss of rents in connection with the permissive use of the Yard Property by his children's companies constitutes a fraudulent conveyance in violation of 11 U.S.C. § 548 and the Texas Uniform Fraudulent Transfer Act.

## CAUSES OF ACTION

24. Every paragraph below is cumulative of each and every paragraph preceding it.

**I.    Fraudulent Transfer: Loss of Rents from the Yard Property**

25. While insolvent, Debtor granted Defendants the use and enjoyment of the Yard Property for their respective businesses without any obligation to pay rent.

26. The Defendants' use of the Yard Property and its facilities constitutes an interest in the Debtor's property.

27. Debtor granted Defendants the use of the Yard Property without receiving reasonably equivalent value.

28. Debtor granted Defendants the use of the Yard Property for the benefit of the Debtor's two adult children who are insiders.

29. Debtor granted Defendants use of the Yard Property with actual intent to hinder, delay, or defraud his creditors.

30. The transfer of an interest in the Debtor's property to Defendants for the benefit of his children is avoidable as a fraudulent transfer. *See* 11 U.S.C. § 548; Tex. Bus. & Com. Code § 24.008(b).

31. Plaintiff is entitled to recover the value of the lost rents from Defendants. *See* 11 U.S.C. § 550.

**II.     Post-Petition Transfer**

32.     Pleading in the alternative, pursuant to 11 U.S.C. § 549, Plaintiff seeks to avoid any post-petition transfer of the Yard Property to the Defendants to the extent that the Debtor granted Defendants a possessory, leasehold, and/or other interest for the use of the Yard Property.

33.     The Defendants' permissive use and enjoyment of the debtor in possession's Yard Property may constitute an unauthorized and avoidable post-petition transfer of property belonging to the bankruptcy estate in violation of the automatic stay. 11 U.S.C. § 549(a).

34.     Moreover, the Defendants' use of the Yard Property during bankruptcy without any obligation to pay rent may constitute a transaction outside the ordinary course of the debtor in possession's business.

35.     Therefore, Plaintiff is entitled to recover from Defendants the value of the property or interest transferred to Defendants, including the loss of rents incurred as a result of their post-petition use of the Yard Property. *See* 11 U.S.C. § 550.

36.     Plaintiff is entitled to recover punitive damages, attorneys' fees, and costs to the extent that Defendants willfully violated the automatic stay. 11 U.S.C. § 362(k)(1).

### ATTORNEYS' FEES

37.     Plaintiff may recover attorneys' fees under section 24.013 of the Texas Uniform Fraudulent Transfer Act. Tex. Bus. & Com. Code § 24.013.

### PRAYER

Plaintiff prays that the Court enter judgment against Defendants (i) avoiding and recovering the fraudulent transfers described above for the benefit of the bankruptcy estate and/or the Mobley Litigation Trust; (ii) ordering Defendants to pay Plaintiff an amount to be determined at trial for the value of the transfers, plus interest, attorneys' fees, and costs, pursuant to 11 U.S.C. § 550(a); and (iii) granting all other relief to which Plaintiff is entitled.

Respectfully submitted,

**POUPORE LAW FIRM PLLC**

*/s/ Jourdain Poupore*
Jourdain Poupore
Texas Bar No. 24094901
Federal Bar No. 2717697
3233 W. Dallas St., Suite 313
Houston, Texas 77019
Tel: 713-922-1655
service@poupore.law

**HAWASH CICACK & GASTON LLP**

*/s/ Walter J. Cicack*
Walter J. Cicack
Texas Bar No. 04250535
711 W. Alabama St., Suite 200
Houston, Texas 77006
Tel: 713-658-9015
wcicack@hcgllp.com

***Attorneys for Litigation Trustee***

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served on January 19, 2024, via ECF to all other parties requesting notice.

                                                            */s/ Jourdain Poupore*
                                                             Jourdain Poupore