IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **DAVID MICHAEL MOBLEY** | § | Case No. 22-60004 (CML) |
| | § | |
| Debtor | § | Chapter 11 |

**LIMITED OBJECTION OF THE COUNTY OF WHARTON, TEXAS
TO CONFIRMATION OF
DEBTOR'S AMENDED PLAN OF REORGANIZATION  (ECF 227)**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ:**

NOW COMES The County of Wharton, Texas (hereinafter "Wharton") and files this limited objection to the Debtor's Amended Plan of Reorganization (ECF 227) (the "Plan"). Respectfully, Wharton shows the Court as follows:

1. Wharton is a duly organized governmental unit of the State of Texas, authorized and required by the Texas Constitution and state laws to levy and collect taxes on taxable real and personal property within its boundaries.

2. Wharton has timely filed secured *ad valorem* tax claims in this case as follows: (a) Claim #1, most recently amended on 05/31/2023 in the amount of $84,453.73, for unpaid real and personal property taxes for the 2021-2022 tax years; (b) Claim #39, most recently amended on 10/23/2023 in the amount of $46,001.06, for unpaid real and personal property taxes for the 2023 tax year.  The applicable tax accounts are for taxes on (1) a mobile home (due for the 2023 tax year), (2) 20.680 acres (referred to in the Plan as the "Yard Property" and due for the 2021-2023 tax years), and (3) a business personal property account (vehicles, due for the 2022-2023 tax years).

1

3. Wharton's claims and the outstanding *ad valorem* taxes on the applicable properties are secured by unavoidable, first priority, perfected liens on the debtor's property pursuant to Article VIII, Section 15 of the Texas Constitution and Texas Tax Code Sections 32.01 and 32.05. These liens arise on January 1 of each tax year along with the property owner's personal liability for the *ad valorem* taxes and attach to the property by operation of law. Texas Tax Code Section 32.01 provides:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.
>
> (b) A tax lien on inventory, furniture, equipment, or other personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
>
> (c) ..
>
> (d) The lien under this section is perfected on attachment and ... perfection requires no further action by the taxing unit.

11 U.S.C. Section 362(b)(18) allows the attachment of liens that secure taxes that come due post-petition. Further, Texas Tax Code 32.05(b) provides that a tax lien takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien. Tax liens for the 2024 tax year attached to

the applicable properties on January 1, 2024 to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property.

4. Wharton is an over-secured creditor on all accounts. The 2023 appraised values of the properties far exceed the outstanding tax amounts thereon.

5. Wharton is treated as a Class 3 creditor under the proposed Plan and raises the following objections:

> (a) The Plan calls for the Class 3 Creditor to retain its lien upon the Debtor's property. Wharton requests more specific language that provides for retention of all of its pre- and post-petition statutory *ad valorem* tax liens until each outstanding year of taxes is fully satisfied under the terms of the confirmed plan.
>
> (b) The debtor proposes payment of 1% per month interest from the petition date to the confirmation date but does not provide for payment of post-confirmation interest on Wharton's claims. Wharton is entitled to post-confirmation interest pursuant to 11 U.S.C. §506 and state law.
>
> (c) The Debtor proposes to pay Class 3 in sixty (60) equal monthly installments. The Debtor is entitled under 11 U.S.C. §1129(a)(9)(C)(ii) and (D) to pay the claims in regular installment payment over a period not to exceed five (5) years from the date of the order for relief. In this case, the order for relief was entered on 01/21/2022. Therefore, the taxes and applicable interest must be fully paid no later than December 2026. Further, the Debtor does not propose a start date for the installment payments and has made no payments to Wharton in the two (2) years since he filed this case. Additionally, he has incurred post-petition liabilities for the 2023 tax year and has not paid same.

(d) The plan does not contain adequate default provisions.

(e) The Debtor does not propose a method of payment for the 2024 and later year property taxes, which he should pay in the ordinary course of business prior to the state law delinquency date, with statutory penalties and interest under the Texas Tax Code to accrue if he fails to do so. Additionally, the Debtor's failure to timely pay post-confirmation *ad valorem* taxes should result in an automatic default under the Plan which allows Wharton to pursue its state law remedies under the Texas Tax Code without further notice or order of the Court. Wharton should not be required to file claims for the 2024 and later year taxes.

(f) As to the Yard Property, the Debtor proposes to grant the Litigation Trustee a $1,000.000.00 lien thereon. Wharton requests that the Plan contain language that its ad valorem tax liens retain their priority over the lien that the Debtor proposes to grant the Litigation Trustee. Further, the Debtor proposes authority to convey the Yard Property to Texas Quality Mats, LLC upon final payment to the Class 11 creditors. Wharton does not oppose such a conveyance as long as the Plan contains clarifying language that any such conveyance is subject to all outstanding ad valorem tax liens.

(g) The Debtor is not current on filing Monthly Operating Reports. He is past due on filing the report for December 2023. The debtor has not demonstrated an ability to fund the proposed plan payments.

WHEREFORE, Wharton objects to confirmation of the Debtor's proposed Plan and requests that this Court order appropriate provisions to assure the protection of its claims, liens, and collateral. Wharton further requests such other and further relief to which it shows itself entitled.

Dated: February 16, 2024   Respectfully Submitted,

**McCREARY, VESELKA, BRAGG & ALLEN, P.C.**

By: */s/ Julie Anne Parsons*
Julie Anne Parsons
Texas State Bar No. 00790358
P. O. Box 1269
Round Rock, TX 78680-1269
Telephone: (512) 323-3200 ext. 241
Email: jparsons@mvbalaw.com
*Attorneys for The County of Wharton, Texas*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 16, 2024, a true and correct copy of the foregoing document was filed with the Court and served via the Court's electronic noticing system to all parties registered to receive such notice in the above-captioned proceeding including but not limited to debtor's counsel, the United States Trustee, the Examiner, and all parties having filed a Notice of Appearance and Request for Notice.

The undersigned has additionally mailed a copy of this objection to the Debtor by first class U.S. Mail at his address of record 3815 Montgomery Rd., Richmond, TX 77406.

*/s/ Julie Anne Parsons*
Julie Anne Parsons