United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 22-60004 |
| DAVID MICHAEL MOBLEY | § | Chapter 11 |
| *Debtor* | § | |

## ORDER APPROVING THE LITIGATION TRUSTEE'S COMPROMISE AND SETTLEMENT UNDER FED. R. BANKR. P. 9019

(Relates to Docket No. ____)

The Court, having considered the Litigation Trustee's Emergency Motion for Approval of Compromise and Settlement under Federal Rule of Bankruptcy Procedure 9019 [Docket No. ___] (the "Motion"), any responses filed, the record in this case, the evidence presented at a hearing on this matter, if any, and arguments of counsel, finds that (i) notice of the Motion was proper and adequate, (ii) the compromise of the disputes at issue under the terms of the Mediated Settlement Agreement, a copy of which is attached hereto as **Exhibit A**, is an appropriate exercise of the Litigation Trustee's reasonable business judgment; (iii) the relief requested in the Motion meets the criteria for approval of a compromise under Federal Rule of Bankruptcy Procedure 9019 and by the Fifth Circuit; (iv) the relief requested in the Motion is in the best interest of the Bankruptcy Estate and its creditors; and (v) good cause exists to grant the relief requested in the Motion. Accordingly, it is hereby ordered that:

1.  The Compromise between the Litigation Trustee and Defendants as described in the Motion and the Mediated Settlement Agreement is approved pursuant to Federal Rule of Bankruptcy Procedure 9019.

2.  The Litigation Trustee is authorized to settle and compromise the claims asserted in Adversary No. 24-6002 pursuant to the terms and conditions of Mediated Settlement Agreement attached hereto as **Exhibit A**.

3. The Litigation Trustee is authorized to take any action necessary to consummate the Mediated Settlement Agreement (including authorizing and consummating a sale of the Property as approved by the Litigation Trustee and disbursing the net proceeds therefrom, if necessary) and dismiss the Adversary Proceeding.

4. Within ten (10) days after the Litigation Trustee's receipt of the $250,000.00 payment from REB TX and Borstmayer, the Litigation Trustee shall file a motion or otherwise take steps to cause the Adversary Proceeding to be dismissed.

5. This Court retains jurisdiction over all aspects of this Order, the Motion, and the Adversary Proceeding.

Signed: October 07, 2024

Christopher Lopez
United States Bankruptcy Judge

AGREED AS TO FORM AND ENTRY REQUESTED:

/s/ Jourdain Poupore
Jourdain Poupore
Texas Bar No. 24094901
Federal Bar No. 2717697
**POUPORE LAW FIRM PLLC**
3233 W. Dallas St., Suite 313
Houston, Texas 77019
Tel: 713-922-1655
service@poupore.law
***Attorney for Litigation Trustee***

/s/ Sean B. Davis
Sean B. Davis
Texas Bar No. 24069583
S.D. Tex. No. 1048341
**WINSTEAD PC**
600 Travis St., Suite 5200
Houston, Texas 77002
(713) 650-8400 – tel
(713) 650-2400 – fax
***Attorneys for REB TX EC Ventures, LLC and Richard E. Borstmayer***

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 22-60004 |
| DAVID MICHAEL MOBLEY, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| JOURDAIN POUPORE, LITIGATION TRUSTEE FOR THE MOBLEY LITIGATION TRUST, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | ADVERSARY NO. 24-6002 |
| REB TX EC VENTURES, LLC, *et al.*, | § § § | |
| Defendants. | § | |

## MEDIATED SETTLEMENT AGREEMENT

This is a Mediated Settlement Agreement between (i) Jourdain Poupore, Litigation Trustee for the Mobley Litigation Trust, the Mobley Litigation Trust, and the David Michael Mobley Bankruptcy Estate (the "Estate Entities"); and (ii) REB TX EC Ventures, LLC, ("REB"), Richard Borstmayer ("Borstmayer"), each of the defendants in adversary proceeding 24-6002, and each of their owners, former owners, officers, managers and directors, their spouses and heirs (collectively with REB and Borstmayer, the "REB Entities").

1. This agreement is subject to and conditioned upon the approval of this agreement by the United States Bankruptcy Court for the Southern District of Texas. If the agreement is not approved, then it will have no further effect and the parties will be returned to the status quo as it existed at 8:00 a.m. on September 25, 2024.

2. Not later than October 14, 2024, the Estate Entities will file a motion pursuant to Fed. R. Bankr. P. 9019 seeking approval of this Agreement. Because the parties believe that proceeding with the planned sale of the Properties should not be delayed, an expedited hearing will be requested.

3. Not later than 14 days following entry of an order approving this Agreement, REB and Richard Borstmayer (acting jointly) will pay the Estate Entities the cumulative amount of $250,000.00 by wire transfer.

1 / 3


EXHIBIT A

4. The REB Entities agree to sell all of the Property consisting of 19.457 acres located at 1401 Martin Luther King Boulevard. El Campo Texas 77437 ("Property"). The Property will be sold in accordance with these procedures:

   a. The Litigation Trustee will designate a real estate broker and listing agent not later than October 25, 2024. The real estate broker must promptly list the Property upon designation.

   b. The designated broker and listing agent will be employed by REB.

   c. The designated broker and listing agent will (i) list the Property at a price determined by the Litigation Trustee, which listing price may be changed from time-to-time at the Litigation Trustee's sole discretion; and (ii) communicate all offers received to both the REB Entities and the Estate Entities; and (iii) accept direction given by the Litigation Trustee in his sole discretion as to the acceptance or counter-offers to be made on any offer.

   d. REB and Borstmayer will reasonably cooperate with the efforts to sell the Property, and execute such documents as are reasonably required; provided neither REB nor Borstmayer will be required to expend any funds in connection with the marketing, listing or closing of the sale of the Property except funds that are designated for the payment of broker's fees to be paid at any closing and out of the sales proceeds.

   e. Any sales of the Property will be made on an AS IS WHERE IS basis, and that requirement will be contained in the listing agreement.

5. Prior to the sale of the Property, REB will collect rent from the Property and will apply the rent to pay annual ad valorem taxes, laibility insurance and routine maintenance costs (to maintain the AS IS WHERE IS condition as of September 25, 2024). If the rent is not adequate, REB will advance such funds as are required to do so ("REB Advances"). REB represents that ad valorem taxes last due without penalty through January, 2024 are current.

6. The REB Entities will make the Property available for access and inspection by the Estate Entities, from time-to-time on reasonable notice. The results of the inspection will not alter the enforceability of this Agreement.

7. At the closing of any sale, the net proceeds (i.e., the gross proceeds less all usual and customary closing costs and brokerage fees) will be paid at the closing as follows:

   a. First, to pay any REB Advances made on or after September 26, 2025.

    b. Second, the next $1,200,000.00 will be distributed 50% to the Estate Entities and 50% will be paid to the REB Entities.

    c. Third, the balance will be paid to the Estate Entities.

8. Upon approval of this Agreement by the Bankruptcy Court, the parties to this Agreement will be deemed to have exchanged full mutual releases (including without limitation a release of all proofs of claim filed in the Mobley bankruptcy case) of all claims, known or unknown, from the beginning of the Universe through the execution of the releases.

9. If a dispute arises concerning the interpretation of this Agreement, the parties will return to mediation to resolve any differences. If the mediation then fails, the exclusive jurisdiction for interpreting this Agreement will be with the United States Bankruptcy Court for the Southern District of Texas.

10. This is the entire agreement between the parties.

SIGNED ON SEPTEMBER 25, 2024.

_____
RICHARD BORSTMAYER
ON BEHALF OF HIMSELF, REB AND EACH OF THE REB ENTITIES


_____ 9-25-2024
JOURDAIN POUPORE, ON BEHALF OF HIMSELF
AND EACH OF THE ESTATE ENTITIES

3 / 3